STATE OF INDIANA     )      IN THE MONROE CIRCUIT COURT
                        ) SS:

COUNTY OF MONROE     )      CAUSE NO. 53C01 1104 PL000 784

CAROLYN HERZ SRIVASTAVA, PH.D.    )
                                    )
                     Plaintiff,    )
                                      )
     vs.                                 )
                                      )

STEVEN CRELL, ORA HIRSCH PESCOVITZ,    )
DEBORAH BRAM, CHARLENE PFENNINGER,    )
CARYN VOGEL, FRANK EASTERBROOK, DAVID )
F. HAMILTON, JAMES HOLDERMAN, WILLIAM )
HAYNES, ERIC HOLDER, TIMOTHY MORRISON, )
PATRICK FITZGERALD, GREGORY ZOELLER,    )
MARION CIRCUIT AND SUPERIOR COURTS,    )
JAMES PAYNE, MARK RENNER, GREGORY    )
BALLARD, STEPHEN GOLDSMITH, JEWISH    )
FEDERATION OF GREATER INDIANAPOLIS,    )
MARIAN HERZ, BENJAMIN SRIVASTAVA,    )
ESTATE OF ISABEL L. HERZ AND JULIAN S.   )
HERZ, JILL ESHENBAUGH, DEBORAH GEDLING,)
DONAHOE IRVIN, PC, RETIREMENT LIVING,   )
INC., FRANKE TOBEY JONES, DAVID KENNEDY,)
RICHARD ROOKER, R. HORTON FRANK III,   )
DONALD HARRIS, MICHAEL SONTAG, MICHAEL)
CASTELLARIN, BROOKDALE SENIOR LIVING  )
COMMUNITIES, BLAKEFORD AT GREEN HILLS )
CORPORATION, PATRICIA MORRELL, AARON-  )
RUBEN-NELSON MORTUARY, ST. VINCENT   )
HEALTH, INC., DAVID G. MOSCRIP, SANJAY   )
MISHRA, JACQUELINE REEDY, LESLEY FIELDS, )
SHARON MURPHY, ELIZABETH DRAKE, LESLIE )
PAGE, LASALLE PROCESS SERVERS, L.P.,    )
GERALD BEPKO, and INDIANA UNIVERSITY,  )
                                      )
                   Defendants.    )

FILED
APR 27 2011
CLERK MONROE CIRCUIT COURT

## COMPLAINT AND JURY DEMAND

1. Plaintiff brings a complaint alleging racketeering by government officials and private individuals and entities, including a persistent pattern of disruption of court operations and of defendants' demeaning, disparaging, and humiliating of plaintiff, using false accusations of mental illness and false accusations of criminality as bullying and extortion tactics, which has injured and continues to injure plaintiff in her property and her business, and which has deprived her of basic human rights guaranteed

by the *Constitution of the United States*. Pursuant to Rule 38 (B) of the *Indiana Rules of Trial Procedure*, plaintiff demands a jury trial.

## I. PARTIES

2. a. Plaintiff Carolyn Herz Srivastava, Ph.D. is an unemployed single Jewish female citizen of Marion County, Indiana, where she has resided from 1985 through the date of filing this complaint. I (plaintiff) am a peaceful, law-abiding, United States citizen. I was previously married to Arun Srivastava, a Hindu native of India. We were divorced in July 1993, and I have been unmarried continuously since then. I generally use the name Carolyn H. Srivastava or Carolyn Srivastava in my day-to-day transactions, and to the best of my knowledge I am the only person in the United States with that name.

b. Because defendants have perpetrated a practice of relentlessly stealing my identity over a period of more than twelve years, I have attached true and accurate photographs of myself, along with a scanned image of the relevant portion of my current U.S. passport, hereto as Exhibit 1. I have redacted certain information for security purposes. I am approximately five feet two inches tall, weighing 105-110 pounds, with very small bones. I have dark brown eyes and hair.

3. Defendant Steven Crell is a predatory Indianapolis attorney and sexual harasser, who exploits Ora Hirsch Pescovitz as a tool to steal people's money. I (plaintiff) recently learned that he has been purporting to represent me without my knowledge or consent, with Ora Hirsch Pescovitz impersonating me, to approve in my name taking of my money to pay her debts, dismissal of my meritorious lawsuits based on Ora Hirsch Pescovitz's poor quality drivel, and prosecution of me for Ora Hirsch Pescovitz's crimes. Steven Crell has viciously stabbed me in the back by spreading false, really nasty accusations that I am a mentally ill criminal. He has been president Board of Directors of the Hooverwood nursing home, where my parents spent time as patients, from 1998 up to the present, a position he used to brutalize my parents. His office is in the same building as that of my (plaintiff's) former financial advisor. Steven Crell has instigated the creation of and mailing to me of numerous violently threatening letters during the period 1994 up to the present, demanding that I stay away from IUPUI, various Jewish con-

2

gregations, my own neighborhood, and other venues that I have a legal right to access. Steven Crell is very untrustworthy.

4. a. Defendant Ora Hirsch Pescovitz aka Ora Pescovitz, is a vindictive sexual harasser, identity thief, con artist, profligate forger, pathological liar, kleptomaniac, drug addict/dealer, home wrecker, Lesbian, snob, and brutish bully given to wild histrionics and extreme paranoia. She will brazenly do anything to benefit herself, as she is obsessed with grabbing as much power and money as possible, causing enormous collateral damage. She cannot control her people. Ora Hirsch Pescovitz is also a very bad mother and a bad person: none of her three children is a doctor or a rabbi.

b. Ora Hirsch Pescovitz has perpetrated a twenty-year long practice of secretly stalking me (plaintiff), parasitizing my identity by adopting aliases Carolyn Srivastava, Carolyn H. Srivastava, Carol Srivastava, etc., taking all of my achievements and positive traits for herself, attributing to me all of her character flaws and anti-social behavior; instigating others to reject and isolate me; and generally terrorizing and bullying me. She also promotes a wild fantasy that she is my "husband" in order to purport to make decisions on my behalf. Unlike her, I, plaintiff Carolyn Herz Srivastava, am 100% heterosexual. Ora Hirsch Pescovitz has never been my friend, I do not like her, and I do not want her in my life.

5. Defendant Deborah Bram ("Bram") is a persistently disgruntled individual whom I had the misfortune to encounter when she resided in Indianapolis for several years. She claims to hold the degree of Master of Social Work, which she has abused to perpetrate sexual harassment, to make illegitimate, self-serving "diagnoses," and to spread those so-called diagnoses far and wide as malicious gossip. She never possessed a license to practice therapy or diagnosis in either Indiana or Ohio, where she currently resides. Her husband is the late Eric Bram, who manifested bizarre and delusional behavior.

6. Defendant Charlene Pfenninger, a mean-spirited, dishonest, immature bully, is a resident of Indiana. I (plaintiff) had the misfortune to interact with her at the Indianapolis Hebrew Congregation a number of years ago.

7. Defendant Caryn Vogel ("Vogel") is a government-sponsored identity thief whom I encoun-

3

tered briefly in a social setting. She practices medicine as a neurologist, however, I (plaintiff) have never sought or accepted any medical services from her. She did an internship, residency, and fellowship at the University of Michigan in Ann Arbor.

8. Defendant Frank Easterbrook is the Chief Judge of the U.S. Court of Appeals for the Seventh Circuit, which has jurisdiction to hear appeals taken from U.S. district courts in Illinois, Indiana, and Wisconsin. Frank Easterbrook, who hurls wild false accusations against innocent people, is being sued in his personal and official capacities.

9. Defendant David F. Hamilton, a filer of frivolous lawsuits who vents his inner fury at the world by bullying *pro se* litigants, has held positions as judge of the U.S. Court of Appeals for the Seventh Circuit from November 2009 up to the present, a position he obtained by lying to the United States Senate, and judge of the U.S. District Court for the Southern District of Indiana from October 1994–November 2009, a position he obtained by promising to destroy me (plaintiff). He pre-decides cases according to the identities of the litigants and their counsel without hearing any evidence. He also hurls wild false accusations of mental illness against those whom he perceives to be his enemies. For more than fifteen years, David F. Hamilton has, in collaboration with Steven Crell and Ora Hirsch Pescovitz, perpetrated a pattern of relentlessly stalking me, disrupting my life, stealing my identity, terrorizing me (plaintiff), and trying to force me to convert to Christianity.

10. Defendant James Holderman, a purveyor of false accusations and filer of frivolous lawsuits, holds the position of chief judge of the U.S. District Court for the Northern District of Illinois, which is housed in the same building as the main office of the U.S. Court of Appeals for the Seventh Circuit. As I have recently discovered, he has declared open war on *pro se*, non-attorney litigants. I commenced the case *Srivastava v. City of Chicago*, et al., no. 1:11-cv-2116 on March 28, 2011 as *pro se* plaintiff. James Holderman defrauded me of my filing fee by employing forgery (the case was assigned to another judge) to capriciously dismiss the case on April 11, 2011. He is a ruthless Chicago brute.

4

11. Defendant William Haynes ("Haynes"), a facilitator of identity theft, is a U.S. District Judge of the Middle District of Tennessee. As a federal judge, he receives a taxpayer-funded lifetime appointment with generous salary and benefits. In return, he is supposed to make the effort to thoroughly evaluate cases, to carefully consider the facts and the law, and to rule on the particular merits of each case before him. He has failed to perform his duties. He is being sued in his personal capacity only.

12. Defendant Eric Holder, a filer of frivolous lawsuits, holds the position of Attorney General of the United States, the chief federal law enforcement officer. His official duties also include representing the United States and its officers in civil litigation, however they do **not** include interfering with the operations of courts. Eric Holder exploits Ora Hirsch Pescovitz for his own political purposes. He is being sued in his personal capacity.

13. Defendant Timothy Morrison ("Morrison") was the interim United States Attorney for the Southern District of Indiana from April 28, 2008 – October 7, 2010. He held the positions of Acting U.S. Attorney from October 1, 2007 – April 28, 2008, Interim U.S. Attorney from February 2000 to October 2001, and First Assistant United States Attorney during most of the period from 1989 – October 1, 2007, and October 2010 to April 1, 2011. He has exploited the power of his position for personal gain, including interfering in the operations of federal courts.

14. Defendant Patrick Fitzgerald is the United States Attorney for the Northern District of Illinois. He was appointed to represent David F. Hamilton in U.S. District Court for the Southern District of Indiana case number 1:06-cv-00131-LJM-VSS and is responsible for representing U.S. government defendants in the aforementioned Northern District of Illinois case no. 1:11-cv-2116. He has participated in the identity theft against me.

15. Defendant Gregory Zoeller ("Zoeller") holds the position of Attorney General of the State of Indiana. He previously held the positions of Chief Deputy Attorney General and Chief of the Litigation Division of the Office of the Indiana Attorney General. He has, for more than ten years, perpetrated a practice of submitting forged, poor quality documents to Indiana appellate courts on behalf of *pro se*,

non-attorney litigants without their knowledge or consent, likely taking bribes to do this.

16. Defendant Marion Circuit and Superior Courts purport to be courts that resolve cases in accordance with the law. In reality, they consist of a gang of dishonest bullies who abuse judicial positions to assist their favored litigants, not only in Marion County courts, but also in other courts in other states. They maintain a practice of pre-deciding cases, favoring those litigants who pay them bribes and/or provide gratuitous sex. They also flagrantly fabricate records of events that never occurred. Marion Circuit and Superior Courts allow Ora Hirsch Pescovitz to go free and unpunished for her numerous crimes, encouraging her to prey on the citizens of Marion County.

17. Defendant James Payne, a filer of frivolous *pro se* lawsuits, resides in my (plaintiff's) neighborhood. He currently holds the position of Director of the Indiana Department of Child Services. Prior to then, he was Judge of the Marion Superior Court Juvenile Division, from which he instigated conflict among Marion Superior Court judges, for more than twenty years. A mean-spirited, self-righteous bully, James Payne has used the positions of trust to destroy families, to sexually abuse defenseless children, and to exploit children as tools of intimidation against their parents and other adults. He has exhibited a contemptuous disrespect for the rule of law, such that he refuses even to caption court filings correctly.

18. Defendant Mark Renner held the position of Marion Superior Court Administrator from approximately 2001 through approximately June 2006 (to the best of my recollection). In that position he handled non-judicial administrative matters for the court. He abused the position to acquire and store stacks of secret documents containing bizarre ramblings drafted by defendants, but to which my (plaintiff's) name and signature had been forged, and also a collection of alleged court orders containing forgeries of judges' signatures. He is also the assistant director of the Indianapolis Department of Public Safety, hired and retained by Gregory Ballard.

19. Defendant Gregory Ballard ("Ballard") is the secretive and viciously partisan Republican mayor of Indianapolis, who is running for re-election in 2011. In early 2008 he unlawfully seized control of the Indianapolis Metropolitan Police Department ("IMPD"), which is the major police agency in In-

dianapolis/Marion County, from the sheriff. Gregory Ballard has proclaimed himself personally respon-
sible for the operation of IMPD. Ballard's children attended Brebeuf Jesuit Preparatory School with my
son Benjamin Srivastava, and Ballard and I personally interacted sufficiently in that setting for him to
easily identify me. However, he chooses to facilitate defendant Ora Hirsch Pescovitz's identity theft to
further his own selfish political agenda.

20. Defendant Stephen Goldsmith held the position of mayor of Indianapolis from January 1992
– January 2000. He has been a major promoter of greed and misuse of taxpayer money in pursuit of
government officials' personal power and wealth, using "privatization" as a pretext. He has brazenly fa-
vored wealthy corporate fat cats and their businesses in response to large campaign contributions, hav-
ing sold out us ordinary Pike Township homeowners to his favored real estate developers. He is current-
ly providing advice to Gregory Ballard.

21. Defendant Jewish Federation of Greater Indianapolis, Inc. ("Jewish Federation"), a sexually
harassing organization that has, in reality, exhibited hatred of Jews, particularly women, claims to be:

> "the central philanthropic, planning and community relations organization of the Jewish
> community. The Federation and its agencies, in cooperation with the synagogues, func-
> tion to promote the general welfare of the Jewish community and to ensure the creative
> survival and continuity of the Jewish people."

The Jewish Federation owns and runs Hooverwood nursing home, where my (plaintiff's) mother was
subjected to abuse as a patient. Hooverwood recruited non-family members to enter their facility and
harass my mother. The Jewish Federation currently owns approximately five acres of open land imme-
diately south of the subdivision in which I reside, Marion County parcel # 6027008. The Jewish Federa-
tion throws its weight and money around to obtain special favors from local government.

22. Defendant Marian Herz is my (plaintiff's) selfish, greedy, stubborn, vindictive sister. She has
manifested extreme paranoia and lack of touch with reality, and has exhibited violent behavior. Her
voice is sufficiently similar to mine that people who do not know us well might be unable to distinguish



between us on the telephone. She has exploited this fact to impersonate me, to take actions adverse to my interest in my name.

23. Defendant Benjamin Srivastava is my selfish, greedy son. Because he did some undergraduate research in the laboratories of psychiatry professors, he apparently now claims ability to make psychiatric diagnoses. He does not have a degree in any mental health profession. Rather, he has a serious problem with substance abuse generally and alcohol abuse in particular.

24. Defendant Estate of Isabel L. Herz and Julian S. Herz ("Herz Estate") constitutes the financial assets and personal property that were in my (plaintiff's) father's and mother's possession at the time of their deaths, and also any of my parents' property that Marian Herz, Patricia Morrell, and other defendants have obtained through unlawful means during the period November 2003 up to the present. Most of the financial assets are held in an account in Indiana. I am seeking damages as compensation for the injuries to me caused by my parents' vindictiveness and false identification of Ora Hirsch Pescovitz and other women as Carolyn Srivastava, which, given the relationship, has caused particular harm to me.

25. Defendant Jill Eshenbaugh, a selfish, greedy identity thief and vulture who refuses to lift a finger to help her elderly mother, is another of my (plaintiff's) cousins.

26. Defendant Deborah Gedling is my selfish, irresponsible cousin, who wants to be a judge, even though she is temperamentally unqualified.

27. Defendant Donahoe Irvin PC is an Indiana law firm whose two principals and only attorneys, Peter H. Donahoe and Alan J. Irvin, claim specialization in the area of trusts and estates. They have purported to represent my (plaintiff's) parents Julian and Isabel Herz in preparing their wills and other related matters affecting my future finances, and defendants Marian Herz and Patricia Morrell in litigation, stealing my inheritance to do so.

28. Defendant Retirement Living, Inc., d/b/a Marquette Manor ("Marquette Manor"), is an Indiana nonprofit sexually harassing corporation that operates a skilled nursing facility in Marion County called Marquette Manor Healthcare Center. My mother was forcibly moved there at the end of a hospital

stay for rehabilitation, but instead, the staff bullied her and battered her almost to death. Marquette Manor Healthcare Center is a vicious, nasty, abusive environment.

29. Defendant Franke Tobey Jones is a retirement facility located in Tacoma, Washington, where my parents resided for a short period and where the staff intentionally caused my mother's death.

30. Defendant David "Randy" Kennedy, a sexual harasser, is a judge of the Davidson County, Tennessee Circuit Court, assigned to resolve probate matters, including cases to which I have been a party. He employs public trustees and court-appointed guardians and conservators to help him steal the money of vulnerable individuals. Probate court, which has jurisdiction over the assets of minors and impaired adults, constitutes easy pickings for avaricious judges and attorneys. David Kennedy has manifested a fantastical, erroneous belief that he is the human incarnation of the State of Tennessee. He is not.[1] He is being sued in his personal capacity only for his own actions.

31. Defendant Richard Rooker is the clerk of the Davidson County, Tennessee Circuit Court.

32. Defendant R. Horton Frank III ("Frank") is a Nashville, Tennessee attorney who practices in the area of probate and estate planning law. He is frequently appointed as a *guardian ad litem* in conservatorship cases, including that of my (plaintiff's) father, and possibly also as conservator.

33. Defendant Donald Harris is a Tennessee senior judge who was appointed to hear Davidson County, Tennessee case no. 10P-1127, to which I am a party, after David Kennedy recused himself.

34. Defendant Michael Sontag ("Sontag") is a Nashville, Tennessee attorney who practices in the area of probate and estate planning law, and who has perpetrated a campaign of terrorizing me (plaintiff). He has exerted unauthorized control over my money to commence frivolous litigation against me.

35. Defendant Michael Castellarin is a Nashville, Tennessee attorney who was unlawfully appointed trustee of an unlawful trust that names me (plaintiff) as beneficiary.

36. Defendant Brookdale Senior Living Communities, Inc. ("Brookdale") owns a multi-state chain of retirement facilities, including the Cumberland at Green Hills in Nashville, Tennessee, where

---

[1] See *Hafer v. Melo*, 502 U.S. 21, 25, 27 (1991).

my (plaintiff's) father was a resident. Brookdale is registered to do business in Indiana.

37. Defendant Blakeford at Green Hills Corporation (hereinafter, "Blakeford") operates a retirement complex comprising independent living apartments, assisted living suites, a skilled nursing facility called Woodcrest at the Blakeford, and locked "Memory Care Center," in Davidson County, Tennessee.

38. Defendant Patricia Morrell ("Morrell"), a greedy, vindictive bully, is the domestic partner of defendant Marian Herz. In collaboration with inveterate home-wrecker Ora Hirsch Pescovitz, she has exploited the position to terrorize me, to unlawfully enrich herself at my expense. With respect to my family, Morrell is a foreign invader.

39. Defendant Aaron-Ruben-Nelson Mortuary is an Indiana mortuary that took money from my (plaintiff's) parents for prepaid funeral and burial, but did not provide those services.

40. Defendant St. Vincent Health, Inc. is a network of hospitals and other health care providers in Indiana. It includes St. Vincent Stress Center, which, according to its website, provides mental health services. St. Vincent Stress Center perpetrates a practice of targeting individuals without insurance for forcible confinement in its locked inpatient facility, because it can charge them far more than those with insurance, without detailing the services for which the victims are charged. St. Vincent is ruthless in going after money it contends that it is owed. St. Vincent Stress Center reveals confidential medical information about its patients to anyone who asks, with the exception of the patient to whom the medical information pertains. That is, St. Vincent Stress Center engages in malicious backstabbing.

41. Defendant David G. Moscrip ("Moscrip") does forcible patient intake at St. Vincent Stress Center in Indianapolis. Claiming to be a mental health counselor, he recruits IMPD officers to kidnap his victims from their own homes under the pretext of "welfare check" to forcibly handcuff them and bring them to St. Vincent, where he threatens them with court action if they refuse to be admitted as inpatients, i.e., forcible detainees. He subsequently sends them an exorbitantly high bill for his "services."

42. Defendant Sanjay Mishra ("Mishra") is an employee of St. Vincent Stress Center who claims to be a psychiatrist, but who participates in the forcible detention of innocent Marion County citizens, to

extort money and recruit new patients into his group practice. Possibly in collaboration with greedy pharmaceutical manufacturers, he forces the detainees to consume dangerous controlled substances. Sanjay Mishra's behavior reminds me of that of the former Union of Soviet Socialist Republics.

43. Defendant Jacqueline Reedy resides on the same court as I (plaintiff), and, as such, she is sufficiently acquainted with me to correctly identify me. She is a nurse, but there is no evidence that she has any special training of certification in mental health diagnosis. Despite that, she goes around throwing out self-serving "diagnoses" of those whom she encounters as malicious gossip. She was fired from her job at St. Vincent for stealing money, so her integrity is called into question. I (plaintiff) have never sought or accepted any medical services from her.

44. Defendant Lesley Fields, an identity thief resided in a house two doors down from mine (plaintiff's) for several years. She and her husband still own the house, renting it out and unlawfully claiming the homestead credit. She has claimed some expertise in mental health, but she is not licensed in any profession by the State of Indiana. Lesley Fields' family is afflicted with severe alcohol addiction, which has adversely impacted her perception of reality. She has apparently decided that I (plaintiff) am her personal ATM.

45. Defendant Sharon Murphy is a resident and homeowner in my neighborhood. She claims to be an attorney, a status she has used to thwart, rather than follow, the law.

46. Defendant Elizabeth Drake, a backstabber and identity thief, resides in my neighborhood and has a son close in age to my (plaintiff's) son. She fills in as a Carolyn Srivastava impersonator when Ora Hirsch Pescovitz is unavailable, such that even those who have never met me (plaintiff) will encounter at least two different, easily distinguishable, people who both claim to be Carolyn Srivastava.

47. Defendant Leslie Page, who has a noticeable facial tic, is an identity thief who moved into the house next door to mine in late 1996. She fabricates and spreads false, destructive gossip, exploiting people's bigotry and irrational fears to instigate conflicts between neighbors. She has also used her minor children to vandalize and steal others' property, and to threaten neighbors with false accusations of

child molestation. Leslie Page practices law without a license, purporting to represent others in legal proceedings.

48. Defendant LaSalle Process Servers, L.P. ("LaSalle Process") is a process service business that I paid to serve process on two defendants in Northern District of Illinois case no. 1:11-cv-2116. It collaborates with the Holderman to drive competitors out of business and to drive *pro se* litigants out of court based on frauds and misrepresentations.

49. Defendant Gerald Bepko ("Bepko"), a vindictive bully, holds the title of Professor of Law at the Indiana University School of Law – Indianapolis ("IUI Law") and "Chancellor Emeritus" of Indiana University-Purdue University Indianapolis ("IUPUI"), which includes IUI Law and the main campus of the Indiana University School of Medicine ("IUSM"). He held the position of Chancellor of IUPUI from 1986 through 2002, where he conducted a reign of terror against students and faculty, including secretly promoting a practice of *quid pro quo* sexual harassment while publicly expressing opposition to it, and promoting a partisan Republican agenda. Bepko's Indiana license to practice law has been in inactive/retired status since 1991. His prior Illinois license is also inactive.

50. Defendant Indiana University ("IU"), one of the two largest state universities of the State of Indiana, has legal controlling authority over IUPUI. From 1988-2009, IU retained defendant Ora Hirsch Pescovitz in important-sounding administrative positions that lent credibility to her severely disruptive behavior, and allowed her to harm me (plaintiff). It continues to do the same with Gerald Bepko.

## II. ALLEGATIONS IN SUPPORT OF COMPLAINT

### A. Venue

51. Monroe County, Indiana[2] constitutes a preferred venue pursuant to Ind. Trial Rule 75 (A) (4), (5), and (8) pursuant to Ind. Code § 34-24-2-6 (a), as the principal office of defendant Indiana University is located in Monroe County; some claims relate to Monroe County courts and there are governmental

---

[2] All references to Monroe, Hamilton, and Marion counties in this complaint are references to those counties in Indiana.

12

organizations included as defendants; and some of the affected enterprise is located in Monroe County.

52. Marion County is disqualified as a venue because its courts are parties to this lawsuit.

53. I apply Rule 4.4 (A) of the *Indiana Rules of Trial Procedure*, the long arm statute Ind. Code § 35-41-1-1, and 18 U.S.C. § 1965 (a) and (b) to out-of-state defendants as appropriate. In particular, they have participated in federal racketeering activity, along with longstanding commission of identity theft against me (plaintiff), of course without my consent. They are also joined pursuant to Ind. Trial Rules 19 and 20.

**B. General background**

54. Defendants, who as a group are generally control freaks and bullies, have organized a criminal power and money-grabbing enterprise, to which I have referred as the "Syndicate," around the sex-crazed and totally selfish behavior of defendant Ora Hirsch Pescovitz. Indiana University recruited her alleged husband and her to the Indianapolis area in 1988.

55. Ora Hirsch Pescovitz's *modus operandi* has been to recruit complicit male attorneys from the indigenous populations of her resident locales to peddle bizarre, self-serving interpretations of the law, what I call wacky law, to non-attorneys and ignorant attorneys, to serve as law establishment insiders to con gullible judges into blaming others for her illegal activities, and to keep her out of prison. In return, she assists her attorney accomplices in acquiring vast wealth by using her trademark bullying tactics to extort large monetary judgments or settlements. Upon arrival in Indiana, Ora Hirsch Pescovitz lawyered up with Steven Crell for pursuit of her nefarious agenda.

56. During her childhood, Ora Hirsch Pescovitz was sexually abused by her sexual harasser father, Richard G. Hirsch. Additionally, her father and foreign-born Russian mother indoctrinated her with the notion that she is superior to everyone else and therefore entitled to special benefits not available to others. As a result, she has spent her adult life obtaining numerous benefits to which she is not entitled and disrupting others' lives through a pattern of astonishingly cruel and sadistic behavior. For example, she kept babysitters as virtual slaves in the basements of her homes, getting them addicted to drugs so

that she could control them, and inducing them to commit crimes to appease her uncontrolled jealousy. Ora Hirsch Pescovitz does not care who is harmed by her wild, impulsive behavior.

57. Defendant individuals and organizations have wholeheartedly embraced Ora Hirsch Pescovitz's maladaptive behavior pattern, accommodating her jealousy and insatiable thirst for sex as a means to exploit her as their tool in their own pursuit of power and other people's money. They exploit Ora Hirsch Pescovitz to incite gullible targets into violent rage, and to shake down wealthy men for money, even as they ridicule Ora Hirsch Pescovitz and me (plaintiff) behind our backs.

58. Individual defendants' behavior has been so inhuman that they must all be abusing substances. That is the only logical explanation.

59. Syndicate members conduct their activities with maximum secrecy, deploring transparency and sharing of information.

60. Based on the injuries described in this complaint, I am renaming the Syndicate the "Appease Ora Hirsch Pescovitz Gang."

## C. Career-related injuries

61. The Appease Ora Hirsch Pescovitz Gang's maltreatment of me began at IUSM, where I was employed in various academic positions during the period June 1987 through June 1996, the last three years of that period as a tenure-track assistant professor in the Department of Pediatrics.

62. Ora Hirsch Pescovitz, who claims to have an M.D. degree, employed her trademark sex+haranguing to maneuver herself into a position as head of the Section of Pediatric Endocrinology in the IUSM Department of Pediatrics. She has manifested a burning desire to perform biomedical research as a so-called "physician-scientist." Because she lacks the ability, temperament, and education to perform research on her own, she has sought to recruit women with Ph.D.'s such as myself to be her slaves and scapegoats. I was trapped in that role as a result of her manipulating Gerald Bepko and other IU administrators into forcing me to work for her if I wanted any paid employment at all.

63. Ora Hirsch Pescovitz, supported by Gerald Bepko, other IU administrators and defendants

Marion Superior Court, and David F. Hamilton, conferred on herself an entitlement to obtain sexual favors from subordinates in return for employment at IU, what is called *quid pro quo* sexual harassment. I expressed opposition to the sexual harassment and did not participate. To punish me, as well as to discredit my complaints and accommodate her own enraged jealousy, Ora Hirsch Pescovitz sought to destroy me: She removed all accurate positive documents from my IU personnel files and replaced them with documents containing false, extremely libelous allegations about me. She spread false malicious gossip far and wide that I perpetrated research misconduct when it was really she who perpetrated research misconduct. She fabricated and spread false, mean-spirited gossip that I did not really earn a Ph.D., that I had falsified my credentials, when it was really she who had falsified her credentials.

64. Ora Hirsch Pescovitz's most damaging IUPUI attack on me came in November 1994. In collaboration with Steven Crell, she pilfered psychiatry department letterhead stationery on which she drafted a very unprofessional letter to which she forged the name and signature of a psychiatrist, and which purported to diagnose someone named "Carol Srivastava, Ph.D." with various mental illnesses.[3] She placed the letter in my IU personnel files and also spread it far and wide as libelous gossip, with clear intent to defame me, to this day. Carol Srivastava has never been my (plaintiff's) name, and I have never used that name.

65. The reality is that an IUPUI psychologist characterized me, plaintiff Carolyn Herz Srivastava, as "very responsible."

66. Through her actions, Ora Hirsch Pescovitz maliciously destroyed my biomedical research career, thereby ensuring that I will never, ever perform research for her again. In collaboration with Gerald Bepko, other IU administrators, Marion Superior Court judges, Steven Crell, David F. Hamilton, and Timothy Morrison, Ora Hirsch Pescovitz effected my dismissal from employment at IUSM and my

---

[3] There exists a volume entitled *Diagnostic and Statistical Manual of Mental Disorders* that, as its name implies, contains the names of all of the psychiatric illnesses recognized in the United States. The manual is readily available to the general public, either in public libraries or for purchase in bookstores. A malevolent individual can easily leaf through the manual and pick out scary-sounding alleged diagnoses to apply to the target of choice. No particular knowledge or education, or even personal acquaintance with the target is required.

blacklisting from all paid employment and law school.

**D. Allegations relating to my family**

67. After retiring, my parents had moved to Indianapolis from New Jersey in 1986 to be near my son, their only grandchild.

68. In December 1995 my parents, on their own initiative, established two similar trusts, one with my mother as settlor and trustee and the other with my father as settlor and my mother as trustee. The assets forming the trusts have been held and administered mainly from an account in Indiana. The trusts treated defendant Marian Herz, my only sibling, and me (plaintiff) essentially equally as beneficiaries and successor trustees. It was my parents' practice to treat us equally.

69. Due to her disruptive behavior, Ora Hirsch Pescovitz has been alienated from her own family. As someone who has no respect for other people's privacy and property, she decided as an alternative to steal my family for herself. With the cooperation of other defendants, who were glad for an excuse to steal my family's assets, she set about interfering in and disrupting my family.

70. Elderly individuals with money attract vultures. Ora Hirsch Pescovitz, Steven Crell, IU administrators, David F. Hamilton, Timothy Morrison, Marion Superior Court judges, Marian Herz, Patricia Morrell, Mark Renner, and Peter Donahoe hatched a plan to unlawfully grab control of my parents' assets and to hasten their deaths to obtain those assets as expeditiously as possible. In spring-summer 2003, they tried, with some success, to convince them that I am allegedly crazy by presenting them with the Ora Hirsch Pescovitz forged "diagnosis" of November 1994, along with a stack of documents containing bizarre ramblings to which my name and signature had been forged, but which were really drafted by Ora Hirsch Pescovitz and James Payne.

71. Even though my parents had known me all of my life, they chose to act on false characterizations by individuals who did not know me at all. They sought to prevent my revealing defendants' malfeasance through litigation, and participated in defendants' identity theft.

72. My parents gave selfish and greedy Marian Herz, who would cooperate in defendants' com-

mission of crimes in return for their help in obtaining a higher level employment position than she could obtain based on her abilities and a greater share of my parents' estate, durable power of attorney over my parents' medical and financial affairs in November 2003. She would agree to demand harmful so-called medical treatments for my parents in order to hasten their deaths.

73. In February 2006, Isabel L. Herz, Julian S. Herz, Steven Crell, Ora Hirsch Pescovitz, Marian Herz, Patricia Morrell, Peter Donahoe, David F. Hamilton, Timothy Morrison, and Marion Superior Court judges, abusing Marian Herz's power of attorney, collaborated to draft and sign new, mean-spirited estate documents that benefitted themselves at my expense.

74. From November 2005-June 2006 Marian Herz, contrary to my mother's decisively expressed wishes, imprisoned my mother in nursing homes in Indianapolis. Subsequently, in June 2006, she forcibly moved my parents from their home in Indianapolis, where my father was living and my mother hoped to return, to defendant Franke Tobey Jones. My mother passed away in their skilled nursing facility in October 2007.

75. In November 2007 Marian Herz instituted Pierce County, Washington probate case number 07-4-01778-2 based on the fraudulent February 2006 estate documents. She failed to serve me with notice as a named beneficiary, thereby violating Washington law. I learned of the case through my own independent investigation.

76. Marian Herz and Patricia Morrell moved my father from Tacoma to Brookdale's Cumberland at Green Hills, located just across the street from defendant Blakeford, in January 2009, due to her job-related relocation, no doubt engineered by the Appease Ora Hirsch Pescovitz Gang. Marian Herz purchased a home in Wilson County, Tennessee, where she and Patricia Morrell have resided. She continued her practice of handling all of my father's financial affairs.

77. I (plaintiff) visited my father at the Cumberland at Green Hills in April 2009 and May 2009. My father, then 91 years old, seemed to be settling in, despite the stress of having been moved around the country like a piece of furniture.



78. In late October 2009 I sent Marian Herz an email message expressing a desire to invite my father to my home for Thanksgiving. In an act of vicious retaliation, she collaborated with non family members Ora Hirsch Pescovitz, Steven Crell, Morrell, David F. Hamilton, R. Horton Frank III, Michael Sontag, David Kennedy, Brookdale's Cumberland at Green Hills, Blakeford, James Payne, and Marion Superior Court judges, to institute an *ex parte* conservatorship proceeding, Davidson County, Tennessee case no. 09P-1680, designed to isolate my father from me, and to effect his demise as quickly as possible, engineering an "accidental" fall in the early morning hours of November 10, 2009.

79. My father was sent to the Blakeford's Woodcrest health care center for rehabilitation after a short hospital stay for the fall. He was supposed to return to the Cumberland at Green Hills within a few weeks. Instead, he disappeared, and I was informed that he had passed away.

80. Michael Sontag, Marian Herz, Patricia Morrell, Steven Crell, Ora Hirsch Pescovitz, Marion Superior Court judges, David F. Hamilton, Timothy Morrison, and David Kennedy instituted Davidson County, Tennessee case no. 10P-1127 in July 2010, based on the same fraudulent 2006 estate documents as Pierce County, Washington case no. 07-4-01778-2. David Kennedy recused himself on the record, so the case was assigned to Donald Harris. I (plaintiff) was served with process in Indiana as an Interested Party, and proceeded *pro se* to assert my legal rights.

**E. Injuries to my home and property**

81. I (plaintiff) have been a resident and homeowner in the College Park residential subdivision in Pike Township in Marion County from August 1991 up to the present.

82. Defendant Stephen Goldsmith engaged in some questionable activities during his term as Mayor of Indianapolis. Likely at the instigation of the jealous Ora Hirsch Pescovitz and her accomplice Steven Crell, his administration allowed developers to evade compliance with the comprehensive plan, to fill Pike Township with high-density apartments and inexpensive housing developments, where homes were sold using predatory lending practices. This has depressed the property values in older sub-

divisions such as College Park, as well as filling the schools with underachieving and misbehaving students, making homes in Pike Township more difficult to sell.

83. In approximately 1980 land south of College Park on West 86th Street in Indianapolis was sold to defendant Jewish Federation to build federally subsidized apartments, named Park Regency, for the elderly. An average maximum density of three units per acre for the land was required, resulting in open land north and south of the apartments to balance out the higher-density apartments, but the original planning documents mysteriously disappeared during the Goldsmith administration. The land was divided into three parcels in 1998, and in approximately 2006 the middle parcel containing the apartments was sold to a private for-profit developer. In this manner, the average density requirement could be evaded.

84. The five acres of open land between the Park Regency apartments and the College Park subdivision, Marion County parcel # 6027008, is now up for sale, instigated by Ora Hirsch Pescovitz out of a malicious desire to impair my quality of life. I am concerned that the land will be used for construction of yet more cheap, high-density housing that will further depress the value of College Park homes.

**F. Interference in court operations**

85. Ora Hirsch Pescovitz relentlessly commits crimes. When apprehended, she glibly, on the advice of Steven Crell, identifies herself as Carolyn Srivastava, such that there are likely numerous secret court files purporting to convict me of crimes that were really committed by Ora Hirsch Pescovitz. Her criminal record in her own name is also kept secret. Government defendants have encouraged her deception for their own selfish purposes. Obviously, she would be of no use to them in prison.

86. Ora Hirsch Pescovitz is such an inveterate substance abuser and irresponsible spendthrift that a discretionary trust was set up to provide her with a modest income to pay her living expenses. In order to supplement that income, she has long perpetrated an illegal drug trade, dealing both illegal substances and using her status as an alleged physician to deal in prescription controlled substances.

87. County government defendants and David F. Hamilton have used Ora Hirsch Pescovitz's

drug dealing in the name Carolyn Srivastava as an excuse to monitor all of my activities, including using nosy neighbors to record everyone who visits my home. They immediately convey this information to Ora Hirsch Pescovitz, to enable her to interfere in and disrupt all of my relationships, both personal and business, to make decisions on my behalf without my knowledge or consent. I, plaintiff Carolyn Herz Srivastava, do NOT authorize Ora Hirsch Pescovitz to make any decisions for me whatsoever.

88. I, plaintiff Carolyn Srivastava, have never in my life used illegal drugs or dealt in controlled substances. I am concerned, however, that the Appease Ora Hirsch Pescovitz Gang will try to frame me, Carolyn Srivastava, by planting drugs in my home or car, and by mixing up samples and records in forensic laboratories. Framing the innocent for the crimes of the guilty is not a novel idea; Marion Superior Court judges have already done that to me.

89. Despotic government officials also have given Ora Hirsch Pescovitz and others email accounts in the name Carolyn Srivastava or something similar designed to indicate me, with intent that they send pornographic and/or threatening email messages purporting to have been sent by me. They have also been allowed to corrupt my real emails by inserting pornographic and/or threatening statements into them. Every time I send an email message, they follow right behind with one of their threatening, pornographic communications, so recipients will respond with hostility toward me.

90. In order to obtain relief for injuries inflicted by the Appease Ora Hirsch Pescovitz Gang, I have pursued litigation in federal and Indiana state courts. I have represented myself in every case to which I have been a party, initially because Ora Hirsch Pescovitz and other defendants had intimidated attorneys away from representing me, but subsequently because I enjoy studying and arguing law, as well as managing my own cases and devising my own litigation strategies.

91. For each civil case that I initiated, I paid the applicable filing/appellate docketing fee out of my own personal funds and complied with the other requirements for initiating an action/appeal. In so doing, I acquired a property interest in a fair hearing of my claims pursuant to the relevant statutes, court rules, and judicial opinions.

92. I spent many hours researching the relevant procedural and substantive law, assiduously considering each proposed defendant, and carefully drafting my complaints and briefs. I personally prepared all of the paperwork for service of process on the defendants in my cases.

93. In order to discredit my complaints, Appease Ora Hirsch Pescovitz Gang members who have been defendants in my cases, along with Steven Crell, have sabotaged all of my cases by recruiting Ora Hirsch Pescovitz to submit forged documents containing bizarre, pornographic ramblings and angry rants to courts in my name in place of my real filings. Ora Hirsch Pescovitz also appeared in *ex parte* trials, hearings, and secret meetings in judges' chambers to which I was not invited, falsely representing she is I. To accomplish this, defendants have instructed court clerks to notify them as soon as I file a document, so that they can immediately submit in my name and on my behalf to the judge, *ex parte*, a forgery containing bizarre, nonsensical, often pornographic or threatening ramblings.

94. Ora Hirsch Pescovitz has also been permitted to exert unauthorized control over my filing fees, to secretly submit parallel, really frivolous complaints directly to judges in my name and without my knowledge. In order to steal my money for themselves, defendants have used Ora Hirsch Pescovitz's frivolous and meritless "lawsuits" brought in my name to claim for themselves alleged "attorney fees" from me based on the drivel submitted by themselves.

95. By acting on my behalf in legal proceedings, Ora Hirsch Pescovitz and her alternate Elizabeth Drake are providing legal representation to me. Since they do not have licenses to practice law, they have been committing the criminal offense of unauthorized practice of law, Ind. Code § 33-43-2-1.

96. I learned shortly prior to instituting this action that Steven Crell, with whom I have had only the most minimal of interactions, has secretly purported to represent me in the cases, with Ora Hirsch Pescovitz giving him authorization in my name. I, plaintiff Carolyn Srivastava, have stated numerous times in my filings that I am representing myself and that no attorney is authorized to take any action on my behalf. Therefore, Steven Crell has repeatedly committed legal malpractice.

97. Because of the defendants' persistent fraud and forgeries, along with preventing me from en-

21

gaging in discovery to obtain evidence generally, intimidating witnesses from testifying, and flagrantly committing perjury in those few depositions that I was permitted, I have never had a full and fair opportunity to litigate any of the cases to which I was a party. Therefore, *res judicata* and collateral estoppel do not apply to any of my claims.

98. Prior to commencing this action, I, plaintiff Carolyn Srivastava, have never been a party to any legal proceeding whatsoever in Monroe County courts.

## G. Other allegations

99. Ind. Code §§ 34-11-2-11 and 34-11-8-1, and Ind. Trial Rule 60 (B) allowing collateral attacks on judgments obtained by frauds upon the court are invoked.

100. The decision *Rotella v. Wood*, 528 U.S. 549 (2000), incorrectly asserts that civil actions brought pursuant to the RICO statutes have a four year statute of limitations that begins to run with the first predicate offense. The decision ignores the plain wording of 18 U.S.C. § 1961 (5), which requires at least two predicate offenses to form a pattern of racketeering activity and which specifically provides for a maximum of **ten** years between predicate offenses, and, in combination with the Clayton Act on which it was modeled, a statute of limitations of four years after the **last** predicate offense. Thus, *Rotella* was wrongly decided and should not be used as controlling authority.

101. With respect to federal criminal offenses generally and the federal racketeering statutes in particular, 18 U.S.C. § 2 provides as follows:

"**§ 2. Principals**
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Similarly, Indiana law provides as follows:

"**IC 35-41-2-4**
**Aiding, inducing, or causing an offense**
Sec. 4. A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
(1) has not been prosecuted for the offense;

(2) has not been convicted of the offense; or
(3) has been acquitted of the offense."

102. The Indiana Racketeer Influenced and Corrupt Organizations statute, Ind. Code § 35-45-6-1, requires that the last of the incidents in the required pattern of racketeering activity have occurred within five (5) years after a prior incident of racketeering activity. Ind. Code § 34-11-2-6 prescribes a five-year statute of limitations for actions against public officers growing out of liability incurred during official acts or omissions. Ind. Code § 34-11-2-7 prescribes a six-year statute of limitations for relief against frauds. Ind. Code § 34-11-5-1 allows tolling of the statute of limitations when the person liable conceals facts from the knowledge of the person entitled to bring an action.

103. Indiana courts have long held that the mere fact that an official's employment position may allow him/her to commit an illegal act does not automatically bring that illegal act within the scope of the employee's employment.

104. Many of the allegations in this complaint sound too bizarre to be true, but my experiences over the past fifteen years tell me that anything is possible.

### III. STATEMENT OF LEGAL CLAIM

105. I (plaintiff) support the following claims by reference to the previous paragraphs of this complaint:

106. **Count I.** Racketeering: Defendants have used money acquired from a pattern of racketeering activity to maintain an interest in an enterprise that engages in interstate commerce, and that seeks to appease Ora Hirsch Pescovitz, who is useful in employing blackmail and intimidation to obtain undeserved money and power for them, by acceding to her unreasonable demands that they use me as her scapegoat and force me into involuntary servitude to her. They have conducted the enterprise's affairs through a pattern of racketeering activity designed to deprive me (plaintiff) of my own money and other property, as well as my rightful inheritance from my parents, to divert the money to themselves, to deprive me of my property interest in obtaining relief in court, and to injure me in my business by using

fraudulent court records to spread false libelous allegations, activities prohibited by 18 U.S.C. §1962 (c) and (d). Racketeering that has injured me (plaintiff) in my business and property includes the following predicate offenses:

a. Fraud in connection with identification information, 18 U.S.C. § 1028 (7): In November 1994, Ora Hirsch Pescovitz and Steven Crell knowingly pilfered a psychiatrist's letterhead stationery on which they drafted an unprofessional letter to which they forged the name and signature of a psychiatrist, and which purported to diagnose someone named "Carol Srivastava, Ph.D." with various mental illnesses. Ora Hirsch Pescovitz, Marion Superior Court judges, and David F. Hamilton communicated the letter in interstate commerce via wire and mail as libelous gossip, with clear intent to defame me, and to commit the federal offense of obstruction of justice, employing the letter to discredit my meritorious claims, and the Indiana felony of forgery.

b. Dealing in controlled substance: From approximately January 1994 through November 1994 and March 1995 until November 1995 Ora Hirsch Pescovitz unlawfully transferred cocaine and/or methamphetamine from herself to plaintiff by knowingly and intentionally adding the drugs to plaintiff's coffee without plaintiff's knowledge, with intent to cause plaintiff to become addicted to drugs of abuse, to cause plaintiff to appear mentally ill, and to induce plaintiff to do Ora Hirsch Pescovitz's "dirty work."

c. Obstruction of justice, 18 U.S.C. § 1503: On August 26, 1999 defendant David F. Hamilton launched an angry tirade of wild and threatening accusations against me (plaintiff) that were totally false, threatened to take a considerable amount of my money for exercising my legal right to pursue remedies in court, and then stalked out of the room in an angry huff; he thereby corruptly and by threats endeavored to impede the due administration of justice.

d. Retaliation against party/witness pursuant to 18 U.S.C. § 1513: In order to employ a bogus felony prosecution to punish me in 1999-2000 for pursuing litigation in federal court, case numbers IP97-0704-C-M/S and IP98-0242 C H/G, defendants Steven Crell, Ora Hirsch Pescovitz, Deborah

24

Bram, Charlene Pfenninger, Gerald Bepko, David F. Hamilton, Timothy Morrison, and Marion Superior Court judges recruited Ora Hirsch Pescovitz to commit stalking in my name, so that they could have me prosecuted for her crime. As part of this prosecution, the perpetrators threatened to bodily injure me.

e. Mail fraud, wire fraud: On November 1, 2000 defendants Steven Crell, Ora Hirsch Pescovitz, Mark Renner, David F. Hamilton, James Payne, and Marion Superior Court judges, having devised a scheme to defraud me of my property interest in pursuing my claims to obtain a monetary judgment, for which I had paid a filing fee, knowingly purported to "dismiss" Marion Superior Court case no. 49D03-0004-CT-000580 from under me using a signature stamp to "sign" an order of dismissal purporting to be a legitimate order signed by a judge but which was not. The notice of the false "dismissal" was sent to me via United States mail, and was transmitted via wire in interstate commerce in the electronic Chronological Case Summary.

f. Wire fraud: During the period September 2004 through July 2006, defendants Steven Crell, David F. Hamilton, Gerald Bepko, other IU agents, and Ora Hirsch Pescovitz, having devised a scheme to defraud me of relief for meritorious legal claims and of employment for which I am qualified, published and maintained on the general Internet in interstate commerce, for the purpose of executing their scheme, an alleged "judicial opinion" containing libelous falsehoods that I allegedly file frivolous lawsuits and that I am allegedly mentally ill. The opinion came up as one of the first results in a Google search of my name.

g. Tampering with witness, 18 U.S.C. § 1512: In June, July, and August 2003, IU agents, Steven Crell, Ora Hirsch Pescovitz, David F. Hamilton, Julian S. Herz and Isabel L. Herz threatened that if I did not voluntarily dismiss all of my pending federal lawsuits and seek treatment from a psychiatrist, they would unlawfully take my home, my car, all of my money and other property, sue me for defamation with demand for a large monetary judgment, and have me committed to a psychiatric institution, thereby employing intimidation and threats to use physical force against me, with intent that I withhold testimony and documents from official proceedings, in order to conceal their criminal activity.

h. Obstruction of justice, 18 U.S.C. § 1503: On or about August 20, 2004 as part of U.S. District Court for the Southern District of Indiana case no. 1:04-cv-00945-RLY-WTL, defendants David F. Hamilton, Steven Crell, Ora Hirsch Pescovitz, IU agents, Sharon Murphy, Marion Circuit and Superior Courts corruptly and/or by threats, impeded the due administration of justice by influencing Judge Richard Young to dismiss the case based on their forged documents and bizarre behavior of Ora Hirsch Pescovitz perpetrated in my name in *ex parte* meetings, instead of ruling on my real filings and real behavior.

i. Wire fraud: On or about May 20, 2005 defendants Ora Hirsch Pescovitz, David F. Hamilton, Steven Crell, Marion Superior court judges, and James Payne, having devised a scheme for obtaining my money by fraudulent pretenses, intentionally falsified court records, writings that are transferred by wire in interstate commerce, to allege that I owed them $12,670.29 for legal services that I neither requested nor received, but were likely incurred by Ora Hirsch Pescovitz using my name.

j. Obstruction of justice: In November 2005 and March 2006, as part of U.S. District Court for the Southern District of Indiana case no.1:05-cv-00835-LJM-WTL, David F. Hamilton, Steven Crell, Ora Hirsch Pescovitz, Timothy Morrison, Charlene Pfenninger, Deborah Bram, and IU agents, corruptly and/or by threats induced the clerk to enter into the record alleged orders that were drafted by them and to which they had forged the signature of the judge to whom the case was assigned. The intent was to deny me a hearing of my claims and to conceal their criminal activity from the public.

k. Tampering with witness, 18 U.S.C. § 1512 (b): In June 2008, July 2008, and December 2009 in the case *Srivastava v. Hamilton, et al.*, U.S. District Court for the Southern District of Indiana, case no. 1:06-cv-0131-LJM-VSS, defendants David F. Hamilton, Timothy Morrison, Patrick Fitzgerald, Donahoe Irvin attorneys, Marian Herz, Steven Crell, Ora Hirsch Pescovitz, and others sent plaintiff forged orders purporting to have been signed by Judge Larry McKinney, and purporting to deny my motions to reopen the case, thereby engaging in misleading conduct, with intent to prevent me from testifying in the case.

l. Fraud in connection with identification information, 28 U.S.C, § 1028; 18 U.S.C. § 1542: During the period 1994 up to the present, defendants David F. Hamilton, Eric Holder, IU agents, Marion Circuit and Superior Court judges, Gerald Bepko, Timothy Morrison, Steven Crell, Julian S. Herz, Isabel L. Herz, Marian Herz, Deborah Gedling, and Ora Hirsch Pescovitz collaborated to knowingly allow Ora Hirsch Pescovitz to possess false identification documents: Indiana state identification and/or U.S. passport falsely alleging that she is Carolyn Srivastava, with intent to defraud the United States.

m. Wire fraud: Defendants Steven Crell, Ora Hirsch Pescovitz, Marion Superior Court judges, James Payne, and others, having devised a scheme to defraud me out of my good name and reputation have, for more than ten years, been parasitizing my email addresses to send forged bizarre and threatening emails purporting to be from me, but which are really drafted by them.

n. Fraud in connection with identification information, 28 U.S.C, § 1028: During the period 1998 up to the present, defendants Steven Crell, David F. Hamilton, Timothy Morrison, Marion Superior Court judges, James Payne, Gregory Zoeller, Deborah Bram, Julian S. Herz, Isabel L. Herz, and Ora Hirsch Pescovitz collaborated to knowingly use without lawful authority and transfer means of identification of me, my name, date of birth, social security number, fingerprints, and telephone number to send electronically in interstate commerce fraudulent information that I had allegedly committed criminal offenses in Marion County, Monroe County, and elsewhere, when either no crime was committed at all or it was really Ora Hirsch Pescovitz and others who committed those offenses that were committed in my name.

o. Mail fraud: David F. Hamilton, Marion Superior Court judges, Steven Crell, Ora Hirsch Pescovitz, Caryn Vogel, and Ballard's IMPD, having devised a scheme to defraud me of my property interest in worshipping at Congregation B'nai Torah, for which I had paid, knowingly sent me a letter dated February 7, 2008 via U.S. mail falsely alleging that I had engaged in "irrational behavior" meriting exclusion from B'nai Torah and that the decision had been made by the B'nai Torah Board of Directors, when it was really Ora Hirsch Pescovitz and Caryn Vogel who had engaged in irrational behavior

using my name, and the decision to exclude me had been made by non-members Steven Crell, Ora Hirsch Pescovitz, and government judges.

p. Attempt to commit murder: In October-November 1994 Ora Hirsch Pescovitz, with intent to cause my father's death and with the encouragement of IU administrators, and Steven Crell sexually assaulted him, and harassed and harangued him with horrible allegations about me (plaintiff Carolyn Srivastava), thereby causing him such severe emotional distress that he suffered a ruptured aneurysm, from which he nearly died.

q. Retaliation against party, witness, 18 U.S.C. § 1513: In April 2003 I filed an amended complaint alleging federal racketeering offenses against Marion Superior Court judges and some of defendants' collaborators, U.S. District Court for the Southern District of Indiana case no. 1:03-cv-0421-JDT-WTL. In response, in June-July 2003 defendants Steven Crell, Ora Hirsch Pescovitz, IU agents, Isabel L. Herz, Julian S. Herz, Marion Superior Court judges, Mark Renner, and David F. Hamilton threatened to cause bodily injury to me through the following: they created and read stacks of documents containing bizarre, crazed ramblings, which they falsely alleged were drafted by me, and used the documents as justification for making an appointment for me to see a psychiatrist against my wishes to force me to involuntarily consume dangerous controlled substances with injurious side effects.

r. Retaliation against witness, 18 U.S.C. § 1513: In November 2003 Isabel L. Herz, Julian S. Herz, Donahoe Irvin attorney Peter Donahoe, Patricia Morrell, Marion Superior Court judges, David F. Hamilton, Marian Herz, Steven Crell, and Ora Hirsch Pescovitz unlawfully altered estate documents, thereby damaging my property interest in the 1995 Herz Trusts, with intent to retaliate against me for my production of records and documents in official proceedings, U.S. District Court for the Southern District of Indiana case nos. 1:03-cv-0805-JDT-VSS, 1:03-cv-0952-DFH-VSS, 1:03-cv-1024-LJM-WTL, and 1:03-cv-1447 DFH-VSS.

s. Bribery: During the period November 2003-April 2004, defendant Marian Herz agreed to give Marion Superior Court judges, Timothy Morrison, David F. Hamilton, Steven Crell, and Ora

Hirsch Pescovitz part of my inheritance, money they are not authorized to receive, with intent to control their performance: to use the intimidation potential of their government positions to assist her in obtaining a lucrative management position that she could not obtain based on merit, and to assist her in obtaining more than her fair share.

t. Kidnapping: On November 5, 2005 Marian Herz, Ora Hirsch Pescovitz, Patricia Morrell, and Retirement Living forcibly moved my mother from the hospital to Marquette Manor against her wishes, with intent to take some of my inheritance as ransom, to pay for care that was not given.

u. Dealing in controlled substance: During the period November 5, 2005 through December 21, 2005 defendant Retirement Living, in collaboration with Marian Herz, Patricia Morrell, David F. Hamilton, Ora Hirsch Pescovitz, Steven Crell, and Marian Superior Court judges, intentionally transferred from themselves to my mother excessive doses of controlled substances, narcotic pain killers, with intent to cause her to become addicted and to appear to be suffering from dementia.

v. Retaliation against party, witness, 18 U.S.C. § 1513: In retaliation for affidavits that I filed as part of U.S. District Court for the Southern District of Indiana case no. 1:06-cv-0131-LJM-VSS in late 2005-early 2006 testifying as to defendants' acts of malfeasance and providing truthful information about possible commission of federal offenses to law enforcement officers (U.S. attorney), Isabel L. Herz, Julian S. Herz, Donahoe Irvin, David F. Hamilton, Timothy Morrison, Steven Crell, Ora Hirsch Pescovitz, Jewish Federation, Marian Herz, Benjamin Srivastava, Marion Superior Court judges, James Payne, and Patricia Morrell damaged my property interest in the 1995 Herz Trusts by drafting and signing mean-spirited, unlawful alleged amended trusts, which took away a substantial portion of the assets that had been designated for me, on February 21, 2006, creating an unlawful trust that bars me from seeking legal redress for breach of fiduciary duty. I was first given the complete documents, which violate Indiana trust law both substantively and procedurally, in July 2010.

w. Kidnapping: In June 2006 defendants Marian Herz, Patricia Morrell, Franke Tobey Jones, David F. Hamilton, Jill Eshenbaugh, Steven Crell, and Ora Hirsch Pescovitz intentionally forcibly

moved my parents from Indianapolis to Tacoma, Washington against their will, in order to exert total control over them, to prevent me from interacting with them, and to steal their money and my inheritance.

x. Murder: On or about October 29, 2007 defendants Patricia Morrell, Ora Hirsch Pescovitz, Marian Herz, Jewish Federation, and Franke Tobey Jones intentionally administered to my mother an overdose of either a narcotic painkiller, a sedative, the antipsychotic Seroquel, or the powerful anesthetic propofol, with intent to cause her death, and it did cause her death by asphyxiation.

y. Dealing in controlled substance: During the period April 2009 up to at least December 2009, defendants Ora Hirsch Pescovitz, Patricia Morrell, Marian Herz, and R. Horton Frank, in collaboration with Steven Crell, forced my father to unnecessarily take the dangerous psychotropic drug Seroquel. Seroquel has been approved by the federal Food and Drug Administration for treatment of schizophrenia and bipolar disorder, neither of which afflicts my father. AstraZeneca, the manufacturer, has included the following warning prominently in its advertising:

> "Elderly patients with dementia-related psychosis (having lost touch with reality due to confusion and memory loss) treated with this type of medicine are at an increased risk of death, compared to placebo (sugar pill). **SEROQUEL XR is not approved for treating these patients.**"

[emphasis added]. My father also never had dementia-related psychosis.

z. Mail fraud: On or about November 5, 2009 Michael Sontag, Steven Crell, David Kennedy, R. Horton Frank III, Patricia Morrell, Marian Herz, Marion Superior Court judges, Mark Renner, Ora Hirsch Pescovitz, and David F. Hamilton, having devised a scheme to defraud me out of some of my inheritance, for the purpose of executing that scheme, sent through the mail false allegations that my father was mentally incompetent and false, irrelevant allegations that I allegedly file frivolous lawsuits, when they are the ones who file frivolous lawsuits using my name, as part of Davidson County, Tennessee case number 09P-1680.

aa. Wire fraud, 18 U.S.C. § 1343: During the period November 2009 up to the present, de-

fendants Marion Superior Court judges, Steven Crell, Ora Hirsch Pescovitz, Marian Herz, Mark Renner, Patricia Morrell, R. Horton Frank III, Michael Sontag, and David F. Hamilton, having devised a scheme to defraud me of my liberty to interact with my father and my inheritance, transmitted writings by wire in interstate commerce, between Indiana and Tennessee, intentionally falsifying the record of Davidson County, Tennessee case number 09P-1680 by mixing it up with Marion Superior Court cases 49D010310PL001914 and 49D050512PL050413, with intent to have a "guardian"[4] illegitimately appointed for my father.

bb. Kidnapping: Agents of defendants Blakeford and Brookdale, in collaboration with Ora Hirsch Pescovitz, R. Horton Frank III, David F. Hamilton, David Kennedy, Marian Herz, and Patricia Morrell, intentionally pulled my father out of bed in the early morning hours of November 10, 2009 and pushed him down to break his hip, to forcibly move him to the hospital and then to the Blakeford for rehabilitation, with intent to enrich themselves with money from him and from Medicare.

cc. Extortion, Tenn. Code Ann. § 34-14-112: During the period November 13, 2009 through November 20, 2009, defendants Brookdale, Patricia Morrell, Marian Herz, and Ora Hirsch Pescovitz used coercion to restrict my freedom of action to telephone my father and speak with him.

dd. Mail fraud, 18 U.S.C. § 1341, or alternatively murder: Defendants Blakeford, R. Horton Frank, Hamilton, David Kennedy, Morrell, Marian Herz, and Ora Hirsch Pescovitz, having devised a scheme for obtaining my father's money by false pretenses, for the purpose of executing that scheme, knowingly forged a physician's signature to a death certificate falsely alleging that my father had passed away and sent it to me (plaintiff) by Postal Service on or about December 14, 2009; or, alternatively, they intentionally killed him with an overdose of a dangerous controlled substance.

ee. Extortion, Tenn. Code Ann. § 34-14-112:  With intent to unlawfully obtain property and an advantage through coercion upon me (plaintiff), and to maliciously threaten me with an injury de-

---

[4] "Guardian" is the term used in Indiana; in Tennessee, the term "guardian" is used only for minor children and "conservator" is used for incompetent adults.

fendants David F. Hamilton, Marian Herz, Marion Superior Court judges, Mark Renner, David Kennedy, Michael Sontag, Ora Hirsch Pescovitz, Benjamin Srivastava, and Patricia Morrell instituted Davidson County, Tennessee probate case number 10P-1127 on July 20, 2010, asserting that if I did not respond, it would be summarily decided against me. The intent was to coerce/compel me to file documents in court against my will, so that Ora Hirsch Pescovitz could file parallel documents to which she forged my name and signature, and which she filled with delusional ramblings purporting to have been drafted by me, in order for them to justify taking my inheritance on false premises. In behaving dishonestly, Marian Herz and Benjamin Srivastava, who claimed in writing to be trustees, breached their claimed fiduciary duty to me as beneficiary.

ff. Mail fraud: Defendants Marian Herz, David F. Hamilton, Steven Crell, Ora Hirsch Pescovitz, Michael Sontag, David Kennedy, Benjamin Srivastava, and Patricia Morrell, having devised a scheme to defraud me (plaintiff) out of my inheritance by using a trustee to divert my money to themselves, to execute that scheme, sent through the mail on July 20, 2010 a document entitled "Petition to Appoint Trustee" containing false, extremely libelous allegations about me and seeking to designate a trustee based on documents that they knew to be fraudulent.

gg. Extortion, Tenn. Code Ann. § 34-14-112: Defendants David Kennedy, Donald Harris, Marian Herz, Patricia Morrell, Michael Sontag, David F. Hamilton, Marion Superior Court judges, Steven Crell, and Ora Hirsch Pescovitz through an alleged order bearing a signature date of November 1, 2010 and a Davidson County, Tennessee Circuit Court file-mark of November 9, 2010, used coercion on me, plaintiff, with the intent to unlawfully restrict my freedom to seek relief for injuries in Tennessee courts, to punish me for their own misconduct, and to steal my inheritance.

hh. Mail fraud: Having devised a scheme to defraud me of my inheritance, to execute that scheme, in a document entitled **Supplemental Response to Motion for Relief from Judgment**, filed by attorney Michael Sontag on June 14, 2010 in Davidson County Circuit Court case no. 09P-1680, Michael Sontag and Marian Herz have intentionally asserted both that Julian Herz is deceased and that he

is currently alive and imprisoned in the Memory Care Center at the Blakeford at Green Hills. It also falsely alleges that my father had an "accident" that led to his death in Wilson County, Tennessee, when he was residing in Davidson County, Tennessee. I received a service copy of the document via U.S. mail. Julian Herz is either deceased or living; he cannot be both simultaneously.

ii. Tampering with witness, victim, 18 U.S.C. § 1512 (b): Through a letter and fraudulent "motion" dated April 16, 2010 and sent to me via U.S. mail, defendant Blakeford at Green Hills knowingly used intimidation and threatened me, with intent to induce me to withhold testimony and other documents in an official proceeding: U.S. District Court for the Middle District of Tennessee case no. 3:10-cv-00082.

jj. Mail fraud, wire fraud: On or about April 9, 2010 defendants Steven Crell, Ora Hirsch Pescovitz, certain Marion Superior Court judges, Mark Renner, Deborah Bram, Eric Holder, and David F. Hamilton, having devised a scheme to defraud me of my property interest in a fair hearing of my claims, in order to execute that scheme, knowingly and intentionally filed in U.S. District Court for the Middle District of Tennessee case number 3:10-cv-00082 documents designated as Exhibits 1, 3, and 4 attached to Docket # 40 containing false, extremely libelous allegations about me, and effected their electronic transmission through wires and sent copies to me through the U.S. mail  The documents purported to be judgments and orders drafted by other judges, but were really documents drafted by them, to which they forged other judges' signatures.

kk. Obstruction of justice, 18 U.S.C. § 1503: On or about April 9, 2010, defendants Timothy Morrison, Steven Crell, Ora Hirsch Pescovitz, Marion Superior Court judges, Mark Renner, Patricia Morrell, William Haynes, Eric Holder, and David F. Hamilton corruptly an/or by threatening communication, impeded the due administration of justice by influencing personnel of the Clerk's office of the U.S. District Court for the Middle District of Tennessee to enter a notation in the record of case number 3:10-cv-00082 the false information that Marion County, Indiana has a seventh circuit court and that I allegedly sued it, when Marion County, Indiana has no seventh circuit.

ll. Obstruction of justice, 18 U.S.C. § 1503: On or about May 10, 2010 and May 19, 2010, defendants Steven Crell, Ora Hirsch Pescovitz, Blakeford, Marion Superior Court judges, Eric Holder, Timothy Morrison, William Haynes, Deborah Bram, Patricia Morrell, Michael Sontag, and David F. Hamilton corruptly impeded the due administration of justice by influencing personnel of the Clerk's office to enter in court records 1) a judgment in their favor and against me, 2) a denial of reconsideration of the fraudulent "judgment," respectively, that purported to have been based on my filings, but were really based on forgeries secretly submitted by the defendants to William Haynes, to deny me a fair hearing of my claims in U.S. District Court for the Middle District of Tennessee case number 3:10-cv-00082.

mm. Obstruction of justice, 18 U.S.C. § 1503: On or about September 30, 2010, defendants Steven Crell, Ora Hirsch Pescovitz, Blakeford, Retirement Living, Michael Sontag, Marian Herz, Eric Holder, William Haynes, Timothy Morrison, Mark Renner, and David F. Hamilton corruptly impeded the due administration of justice by dismissing Middle District of Tennessee case number 3:10-cv-00853, in which I was the plaintiff and had paid the filing fee, less than one month after I filed it on totally frivolous and capricious grounds, using a poor quality forgery of my complaint drafted by them, along with Ora Hirsch Pescovitz's bizarre behavior, as justification.

nn. Mail fraud: On or about December 15, 2010, Marian Herz and Michael Sontag, in collaboration with David Kennedy, Steven Crell, Ora Hirsch Pescovitz, David F. Hamilton, and Patricia Morrell, having devised a scheme to defraud me of my inheritance, intentionally sent through the mail a false statement of expenditures from my parents' trust, that intentionally omitted unlawful payments to Patricia Morrell and to others not entitled to any of the money.

oo. Wire fraud: From at least March 29, 2011 up to the present, Marian Herz and Patricia Morrell, having devised yet another plan to defraud me of my inheritance, have had Marian Herz telephone defendant Michael Castellarin using my name, to ask him to take actions adverse to me. They and defendants Steven Crell, Ora Hirsch Pescovitz, David Kennedy, Michael Sontag, Marion Superior Court

34

judges, Timothy Morrison, and David F. Hamilton, have employed all sorts of machinations to have the trustee of their fraudulent trust located in Nashville, Tennessee, too far from my home for my easy access in person, in order to have Marian Herz, Patricia Morrell, and other identity thieves impersonate me to steal the money for themselves. Their efforts to prevent me from seeking redress in Tennessee courts for breach of fiduciary duty is part of that scam.

pp. Interference with commerce, 18 U.S.C. § 1951: On March 12, 2010, Benjamin Srivastava telephoned me in Indiana from Florida to demand that I co-sign a loan for a new motor vehicle allegedly for himself, and that he planned to use what is in reality my inheritance, which was not in his possession, to pay for it. I did not want to co-sign the loan because it is against my principles to borrow money to purchase a car and the car he already had was in working order. However, he placed me in fear that he would be harmed if I did not sign, so I did so reluctantly. In this manner he affected commerce by extortion. I spent some money sending letters to the businesses involved to ensure that he and I would not be defrauded.

qq. Kidnapping: On July 26, 2010, defendants Benjamin Srivastava, Jacqueline Reedy, Sanjay Mishra, David G. Moscrip, Ora Hirsch Pescovitz, Steven Crell, Marion Superior Court judges, Ballard's IMPD police, and others collaborated to forcibly move me from my home, where I was sitting peacefully alone, minding my own business, to St. Vincent Stress Center and to employ threats of court action to subject me to forcible involuntary confinement there for two days. The police had no search or arrest warrant, and I had done nothing wrong. The intent was to invent fantastical alleged diagnoses to discredit my complaints about defendants' malfeasance and to create a pretext to extort money from me to pay Ora Hirsch Pescovitz's delinquent medical bills.

rr. Interference with commerce, 18 U.S.C. § 1951: During the period August 2010 through November 2010, defendants St. Vincent Health, David G. Moscrip, and Sanjay Mishra, in collaboration with Steven Crell and Ora Hirsch Pescovitz, attempted to affect commerce between two points in Indiana through their bill payment office in Illinois by extortion, by sending me two bills for alleged services

35

that I neither requested nor received, along with a threat to send the matter to a collection agency, thereby seeking to obtain property from me with my consent through fear and under color of official right.

ss. Wire fraud: During the period August 2010 through November 2010, defendants Sanjay Mishra, David G. Moscrip, Steven Crell, and St. Vincent Health, having devised a scheme to defraud me of my money, had a collection agency telephone me several times, to falsely allege that I owed them $298.20, after I had sent two letters to St. Vincent explaining why I did not owe the money, when it was really Ora Hirsch Pescovitz who owed them the money, for which they were trying force me to pay. The collection agency never communicated with me in writing.

tt. Interference with commerce, 18 U.S.C. § 1951: Through a bill dated March 16, 2011 alleging that I owe it $2,695.76 for "room and board," "pharmacy," and "laboratory,"[5] during the period July 26, 2010-July 28, 2010, St. Vincent is attempting to obtain my money in interstate commerce to its bill payment facility in Illinois by placing me in fear, and under color of official right, when I was in reality the victim of the forcible felonies of kidnapping and criminal confinement. The "pharmacy" was likely forcible purchase of the dangerous Abilify, which they gave me upon release from captivity, thereby affecting its movement in commerce.

uu. Interference with commerce, 18 U.S.C. § 1951: Through a revised bill dated April 15, 2011, after I sent a letter with evidence that I did not incur the charges on the March 16, 2011 bill, alleging that I owe it $1,010.91, St. Vincent is attempting to obtain my money in interstate commerce to its bill payment facility in Illinois by placing me in fear, and under color of official right, when I was in reality the victim of the forcible felonies of kidnapping and criminal confinement.

vv. Mail fraud: St. Vincent, Steven Crell, and Ora Hirsch Pescovitz, having devised a scheme to defraud me of my money, intentionally sent to me (plaintiff) through the United States mail a revised statement dated April 15, 2011 alleging that I owe it $1,010.91 for alleged services that I neither requested nor wanted, to force me to pay for services provided to Ora Hirsch Pescovitz.

---

[5] No government or private insurance carrier would pay for such non-specific alleged services.

ww. Retaliation against informant, 18 U.S.C. § 1513 (e): To punish me for providing information about possible federal crimes to the U.S. Attorney for the Southern District of Indiana as part of U.S. District Court for the Southern District of Indiana case no. 1:05-cv-00835 in May 2005, IU, in collaboration with defendants Ora Hirsch Pescovitz, Steven Crell, and Gerald Bepko, intentionally denied compensation to my son Benjamin Srivastava for his work for IUSM during the period May 2005 through August 2005, after he had been promised payment for his work. Since he was a full-time college student under the age of 24, what he did not earn toward his expenses, I was required to pay.

xx. Obstruction of justice, 18 U.S.C. § 1503: During the period January 28, 2010 through June 14, 2010, defendants Steven Crell, Ora Hirsch Pescovitz, Gerald Bepko, Gregory Zoeller, James Payne, Patricia Morrell, Jill Eshenbaugh, Donahoe Irvin, IU agents, Caryn Vogel, Charlene Pfenninger, Mark Renner, Gregory Ballard, Timothy Morrison, Sharon Murphy, and David F. Hamilton corruptly and by threats impeded the due administration of justice by influencing the judges and personnel of the Clerk's office to enter in court records a judgment in their favor and against me that purported to have been based on my filings, but was really based on forgeries secretly submitted by Ora Hirsch Pescovitz and other identity thieves to the judges, inducing the clerk to keep them in a secret file accessible only to attorneys, but not to me as a party, to deny me a fair hearing of my claims in U.S. District Court for the Northern District of Indiana case no. 2:10-cv-00053-PPS-PRC.

yy. Wire fraud, obstruction of justice: During the period November 23, 2004 through December 9, 2004, as part of *In re Carolyn H. Srivastava*, U.S. Court of Appeals for the Seventh Circuit case number 04-3999, defendants Ora Hirsch Pescovitz, Steven Crell, David F. Hamilton, and Timothy Morrison, having devised a scheme to defraud me out of a fair hearing of my petition for which I had paid a filing fee, intentionally corruptly and by threats intimidated court clerks into posting the false information online that it was an appeal from a final judgment and into withholding my petition from the judges.

zz. Mail fraud, wire fraud: During the period November 23, 2004 through December 9, 2004 defendants David F. Hamilton, Steven Crell, Ora Hirsch Pescovitz, and U.S. Court of Appeals for the Seventh Circuit, having devised a scheme to defraud me out of my property interest conferred by my payment of the filing fee in a fair resolution of my petition for writ of mandamus in the case *In re Carolyn H. Srivastava*, U.S. Court of Appeals for the Seventh Circuit case number 04-3999, substituted poor quality forged documents drafted by identity thieves for my real petition and issued an opinion based on the forgeries and not on my real filings. The opinion was sent electronically throughout the United States and to me via U.S. mail.

aaa. Wire fraud: On or about February 17, 2011 defendants David F. Hamilton, IU agents, Marion Superior Court judges, Gregory Zoeller, James Payne, Mark Renner, Steven Crell, Ora Hirsch Pescovitz, David Kennedy, and Frank Easterbrook, having devised a scheme to defraud me out of my property interest conferred by my payment of the filing fee in a fair resolution of my appeal in U.S. Court of Appeals for the Seventh Circuit case number 10-2915, issued an alleged "final judgment" that purported to have been drafted by three legitimate judges of the court, but was really drafted by them, and sent it electronically throughout the United States and to me.

bbb. Obstruction of justice, 18 U.S.C. § 1503: During the period August 2010 through February 17, 2011, defendants David F. Hamilton, Frank Easterbrook, Gerald Bepko, other Indiana University agents, Marion Superior Court judges, Gregory Zoeller, James Payne, Mark Renner, Steven Crell, Ora Hirsch Pescovitz, and David Kennedy corruptly influenced the clerk of the United States Court of Appeals for the Seventh Circuit, impeding him in the discharge of his duties, to coerce him into allowing them to forge an alleged decision adverse to me and purporting to have been drafted by a panel of legitimate judges in appeal no. 10-2915, thereby impeding the due administration of justice.

ccc. Obstruction of justice: On or about February 15, 2011, defendants David F. Hamilton, James Payne, Eric Holder, Gregory Zoeller, Steven Crell, Ora Hirsch Pescovitz, Deborah Gedling, Caryn Vogel, Leslie Page, Elizabeth Drake, Sharon Murphy, and Gerald Bepko intentionally corruptly

impeded the due administration of justice by inducing the Clerk of the U.S. District Court for the Northern District of Indiana to secretly substitute a poor quality forgery for my real complaint in case no. 2:11-mc-00025-PPS and to refrain from posting the text of my complaint on the PACER docket for more than two weeks, in order to have the case dismissed based on their forgery.

ddd. Obstruction of justice, 18 U.S.C. § 1503: On or about April 11, 2011 defendants James Holderman, Ora Hirsch Pescovitz, Steven Crell, Gregory Zoeller, Gerald Bepko, Eric Holder, Sanjay Mishra, David G. Moscrip, Deborah Gedling, Benjamin Srivastava, Frank Easterbrook, Patrick Fitzgerald, David F. Hamilton, Gregory Ballard, and James Payne corruptly impeded the due administration of justice in Northern District of Illinois case no. 1:11-cv-2116 by conducting an *ex parte* hearing with Ora Hirsch Pescovitz impersonating me, plaintiff Carolyn Srivastava, to have her agree to dismissal of the case in my name, forging the signature of the judge to whom the case is assigned to an alleged order of dismissal, and had the Clerk record the false notice of dismissal.

eee. Mail fraud, wire fraud: On or about April 11, 2011, defendants James Holderman, Frank Easterbrook, Patrick Fitzgerald, David F. Hamilton, IU agents, Marion Superior Court judges, Gregory Zoeller, James Payne, Mark Renner, Steven Crell, Ora Hirsch Pescovitz, David Kennedy, and Frank Easterbrook, having devised a scheme to defraud me out of my property interest in a fair hearing of my claims conferred by my payment of the filing fee and for service of process in Northern District of Illinois case no. 1:11-cv-2116, forged the signature of the judge to whom was assigned to an order purporting to dismiss the case, that was entered into the electronic record of the case and sent to me by U.S. mail.

fff. Retaliating against witness, victim, informant, 18 U.S. C. § 1513 (e): On March 28, 2011 I filed a complaint with the U.S. District Court for the Northern District of Illinois providing truthful information about a pattern of federal racketeering offenses, about which I have informed the Attorney General of the United States and the United States Attorney for the Northern District of Illinois, case no.

1:11-cv-2116. In retaliation, defendant David F. Hamilton, a defendant in that case, is causing harm to me by evading service of process.

ggg. Obstruction of justice, retaliation against informant,18 U.S.C. § 1503: On April 14, 2011, James Holderman, in collaboration with Frank Easterbrook, Patrick Fitzgerald, James Payne, Gregory Zoeller, Gerald Bepko, Eric Holder, Elizabeth Drake, and David F. Hamilton, conducted an *ex parte* meeting, with Elizabeth Drake impersonating me, Carolyn Srivastava, to institute new, frivolous litigation, U.S. District Court for the Northern District of Illinois case no. 1:11-cv-2489, ordering the Clerk of U.S. District Court for the Northern District of Illinois to refuse to docket any future complaints that I may file, thereby corruptly and through threats impeding the due administration of justice. James Holderman has a long history of pursuing frivolous litigation against *pro se*, non-attorney litigants.

hhh. Retaliating against witness, victim, informant, 18 U.S.C. § 1513 (b) and (e): The April 14, 2011 document in case no. 1:11-cv-2489, referred to in the preceding subparagraph, knowingly contains a threat to use law enforcement thugs to commit forcible felonies against me, and otherwise harms me as described, with intent to retaliate against me for producing my verified complaint and providing truthful information to law enforcement officers about the possible commission of Federal offenses in Northern District of Illinois case no. 1:11-cv-2116. I am now terrified that James Holderman and his henchmen will attack me if I dare travel to Chicago to attend hearings in the case.

iii. Obstruction of justice: James Holderman, as Chief Judge of the U.S. District Court for the Northern District of Illinois, in collaboration with LaSalle Process, is corruptly impeding the due administration of justice by instructing the Clerk to place the court's seal on only one copy of each summons issued, with the summons bearing the seal to be filed with the return of service, and not served on the defendant. This violates 28 U.S.C. § 1691 and Rule 4 (a)(1)(G) and (b) of the *Federal Rules of Civil Procedure,* and allows defendants to have cases dismissed based on the fact that they were not served

40

with process.[6] Thus, in case no. 1:11-cv-2116, LaSalle Process failed to serve two defendants with the summonses bearing the court's seal, instead returning them to me attached to the returns of service.

jjj. Retaliation against informant, 18 U.S.C. § 1513 (e): In late March-early April 2011 as part of Northern District of Illinois case no. 1:11-cv-2116, I (plaintiff) provided information about possible federal crimes to the U.S. Attorney for the Northern District of Illinois and the Attorney General of the United States. In retaliation, Steven Crell, Lesley Fields, Timothy Morrison, and David F. Hamilton pressured my financial advisor in April 2011 to give them more than $70,000.00 from my financial account. He left his position rather than comply.

kkk. Bribery: Steven Crell is secretly paying Gregory Ballard money to have his police brutalize me and to allow Ora Hirsch Pescovitz to freely commit crimes of property violence against me.

lll. Conspiracy to commit murder: From at least 1995 up to the present, defendants, in order to torture me to death while evading prosecution for murder, have used threats, intimidation, identity theft, and spread of vicious defamatory lies about me to isolate me from all other human beings. They know that humans need interaction with other humans for our very survival, and so they have sought to deprive me of this human interaction, with intent that I will die as quickly as possible.

107. **Count II.**  Violation of the First and Fifth Amendments to the *Constitution of the United States*: During the period from at least 2001 up to the present, the U.S. Court of Appeals for the Seventh Circuit and James Holderman have maintained a policy of stereotyping complaints filed by *pro se* non-attorney litigants as automatically "frivolous" without reading the complaint. In furtherance of this policy, they have allowed opposing parties in my cases to draft self-serving alleged opinions and send them out under the pretext of having been written by judges of the courts, and have also allowed opposing parties to draft poor-quality forgeries purporting to be drafted by us *pro se*, non-attorney litigants. The policies have violated and continue to violate my rights of freedom of speech and to petition the gov-

---

[6] The U.S. District Courts for the Southern District of Indiana, Northern District of Indiana, and Middle District of Tennessee correctly place the court's seal on two copies of each summons, one for service and one for filing return of service.

ernment for redress of grievances, and my right not to be deprived of liberty and property without due process of law. To be blunt, Frank Easterbrook and James Holderman run a scam in which they pretend to hear cases, but they really defraud us out of our filing fees.

108. **Count III.** Violation of the First and Fifth Amendments to the *Constitution of the United States*: During the period August 13, 2010 through March 21, 2011 the U.S. Court of Appeals for the Seventh Circuit, in collaboration with David F. Hamilton, decided appeal #10-2915 without even looking at my complaint, the most important document in the case, or at any other part of the district court record. The court admitted to this on March 21, 2011. The alleged opinion was nothing more than a boilerplate anti-*pro se* litigant rant.

109. **Count IV.** Violation of the First, Fifth, Sixth, and Eighth Amendments to the *Constitution of the United States* pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971): Defendant James Holderman, in collaboration with David F. Hamilton, Frank Easterbrook, Patrick Fitzgerald, LaSalle Process, and Timothy Morrison, has maintained a brutish practice of getting rid of *pro se*, non-attorney plaintiffs by having them falsely charged with federal criminal offenses. He then forces them to negotiate a secret, off the record, so-called plea agreement in which the criminal charge is dismissed in exchange for dismissal of the civil case. The criminal record shows only that the case was dismissed.

110. **Count V.** Abuse of process: On April 14, 2011, defendants James Holderman, Frank Easterbrook, Patrick Fitzgerald, James Payne, Gregory Zoeller, Elizabeth Drake, Timothy Morrison, and David F. Hamilton, instituted new, frivolous litigation against me, U.S. District Court for the Northern District of Illinois case no. 1:11-cv-2489. I received a copy of the complaint and judgment without summons via certified mail on April 22, 2011. The perpetrators willfully committed improper acts in the proceeding: They did not caption the complaint correctly, with regard either to parties or to case number; they failed to serve me with process; they failed to number paragraphs; they failed to demonstrate that I had done anything illegal; and they entered judgment against me prior to even notifying me of the

existence of the complaint. The intent was not to obtain relief for any real injuries, but rather the perpetrators had an ulterior motive to discredit my meritorious claims, to aggressively obstruct justice by threatening me away from the courts, and to abuse the power of their positions to take advantage of me because I am a *pro se*, non-attorney litigant. Filing frivolous lawsuits against me is not within the scope of any of the perpetrators' employment.

111. **Count VI.** Tortious interference with contract: Defendants Steven Crell, Donahoe Irvin, Ora Hirsch Pescovitz, David F. Hamilton, Timothy Morrison, Marion Superior Court judges, and Patricia Morrell, none of whom was a party to the 1995 Herz Trusts described in this complaint, drafted and induced the approval and signing of new alleged trusts in February 2006 that breached the original trusts and were adverse to my interests, with intent to divert my inheritance into their own pockets through various underhanded machinations, contrary to my parents' intent. They willfully concealed this action from me, plaintiff Carolyn Srivastava, until July 22, 2010.

112. **Count VII.** Breach of contract: In February 2006, defendants Marian Herz, Benjamin Srivastava, Isabel L. Herz, and Julian S. Herz breached the 1995 Herz Trusts by approving and signing new alleged trusts that took away a substantial portion of the assets designated for me in the original trusts and gave them to Marian Herz, Benjamin Srivastava, and others without informing me, and established new conditions that flagrantly violate Indiana trust law.

113. **Count VIII.** Constructive fraud, breach of fiduciary duty: In February 2006 Marian Herz had durable power of attorney over the financial affairs of Julian S. Herz and Isabel L. Herz, and she was using that power to control their finances, even though there had been no official determination that they were incapable of managing their affairs. She had a fiduciary duty to act with integrity in conducting their affairs, including a duty to me (plaintiff) as a beneficiary of the 1995 Herz Trusts. She, along with trustee Isabel L. Herz, violated that duty by participating in Ora Hirsch Pescovitz's irresponsible behavior perpetrated in my name, secretly creating 2006 alleged revised trusts that treated me in a mean-spirited and unlawful manner, employing Ora Hirsch Pescovitz's malfeasance as a rationalization. Spe-

cifically, they included a requirement that all legal expenses would come from my inheritance, thereby seeking to punish me for seeking redress for any breach of fiduciary duty and allowing Marian Herz to use my inheritance to institute excessively frivolous court actions against me. Secondly, a significant portion of my inheritance was designated for defendant Patricia Morrell. Thirdly, some of my mother's valuable jewelry was designated for Patricia Morrell and none for me. Fourthly, Benjamin Srivastava and Marian Herz were named as trustees for a trust created out of less than 40% of the total assets with me as beneficiary, with the requirement that a financial institution be designated as trustee if Marian Herz and Benjamin Srivastava declined to serve, and that I would receive only income from the trust, not any principal. The plan was for them to decline to serve (which they both did, in 2010), so that a financial institution far from my home with non-attorney account managers could be named. Steven Crell would then employ his wacky law, along with Ora Hirsch Pescovitz's identity theft, to steal all of the assets in the trust for themselves. This was willfully concealed from me until July 2010, thereby leading me to rely on the assumption that 1995 Herz Trusts remained in effect until my parents' deaths. Since I did not know about the 2006 alleged trusts, I could not object to them at the time they were drafted. Through the foregoing, Marian Herz gained a huge advantage at my expense.

114. **Count IX**. Abuse of process, defamation: On or about November 5, 2009 Marian Herz, Michael Sontag and R. Horton Frank III, in collaboration with David Kennedy, Marion Superior Court judges, Mark Renner, David F. Hamilton, Patricia Morrell, Steven Crell, and Ora Hirsch Pescovitz, instituted a frivolous conservatorship proceeding against my father in Davidson County, Tennessee Probate Court, case number 09P-1680. They willfully committed improper acts in the proceeding: They did not serve my father with process; they did not have a representative for him to explain his rights and to appear on his behalf at the hearing; they included in the petition irrelevant libelous material about me; they coerced a physician who was not a mental health professional to purport to "diagnose" him with an imaginary mental illness; and they conducted an *ex parte* hearing in which Ora Hirsch Pescovitz impersonated me without my knowledge or consent. Their intent was not to help my father, but rather they

44

had the ulterior motives of 1) causing my father's untimely demise by isolating him from his family and battering him with harmful "medical treatments," so that they could get their hands on my inheritance; 2) inventing an excuse to create, file, and harass me in Indiana with documents libeling me; and 3) to create a pretext for Michael Sontag and R. Horton Frank III to enrich themselves at my expense.

115. **Count X**. Violation of civil rights pursuant to 42 U.S.C. § 1983: During the period November 9, 2009 through December 2009, defendant David Kennedy used government power via an illegitimate "petition for conservatorship" over my father, when there was no evidence to justify such action and it was clear that the real intent was to employ government power to prevent my father from visiting me or otherwise interacting with me, and to take my inheritance without due process of law. These actions also violate my constitutional Fourteenth Amendment right to liberty to interact with my family members.

116. **Count XI**. Violation of civil rights pursuant to 42 U.S.C. § 1983:  On or about November 9, 2010, and April 19, 2011, defendants David Kennedy and Donald Harris, in collaboration with Richard Rooker, secretly issued orders adverse to my interests in Davidson County case no. 10P-1127, over which they lacked jurisdiction because 1) there exists an earlier-filed case based on the same facts and issues in Pierce County, Washington probate court; and/or 2) the estate is being administered in Indiana, and definitely not in Davidson County, Tennessee, thereby depriving me of property without due process of law, in violation of the Fourteenth Amendment to the *Constitution of the United States*.

117. **Count XII**. Violation of civil rights pursuant to 42 U.S.C. § 1983: Defendant David Kennedy, in collaboration with Richard Rooker, has maintained a policy of violating Rule 58 of the *Tennessee Rules of Civil Procedure* requiring that copies of judgments be served on all parties, by allowing favored attorneys to enter and serve unsigned (by a judge) drafts bearing a certificate of service, but the later, signed orders do not contain an updated certificate of service. This has the effect of denying us the opportunity to take appeal. Richard Rooker then charges parties for copies of signed orders that should be provided free of charge, with the proceeds likely going into his and David Kennedy's pockets. David

45

Kennedy also recuses himself from certain cases, in order to allow the signatures of the substitute judges to be forged to alleged extremely libelous orders. Thus, he has unlawfully failed to provide me with copies of orders during the period January 2010 up to the present in case numbers 09P-1680 and 10P-1127, thereby denying me the equal protection of the laws, trying to take my money without due process of law, and denying me the liberty to advocate my case without due process of law, in violation of the Fourteenth Amendment to the *Constitution of the United States*.

118. **Count XIII**. Conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 (1) and (2) and (3): During the period from at least July 2010 up to the present, David Kennedy, Donald Harris, Richard Rooker, Steven Crell, Ora Hirsch Pescovitz, Michael Sontag, Benjamin Srivastava, Marian Herz, Patricia Morrell, David F. Hamilton, Donald Harris, and Michael Castellarin, conducting *ex parte*, off-the-record illegal proceedings with Ora Hirsch Pescovitz impersonating me (plaintiff), conspired to go in disguise upon the premises of Tennessee state and county buildings for the purpose of depriving me of the equal protection of the laws and obstructing the due course of justice, to make probate decisions and rulings based on Ora Hirsch Pescovitz's record of anti-social conduct, rather than on my real behavior. They have created orders entered November 9, 2010 and April 19, 2011 in case no. 10P-1127 that violate Tennessee law, based on February 2006 documents that violate Indiana and Tennessee law, and the April 19, 2011 order violates the terms of the documents on which it purports to be based. In these actions, the judges have participated in Ora Hirsch Pescovitz's commission of unauthorized practice of law, as she may not lawfully represent anyone other than herself in legal proceedings.

119. **Count XIX**. Invasion of privacy by false light publicity: Defendants David Kennedy, Donald Harris, Richard Rooker, Marian Herz, Patricia Morrell, Michael Sontag, David F. Hamilton, Marion Superior Court judges, and Ora Hirsch Pescovitz, in collaboration with Mark Renner as repository of forged documents, created and sent out an alleged order bearing a signature date of November 1, 2010 and a Davidson County, Tennessee Circuit Court file-mark of November 9, 2010 intentionally making

false, libelous, and irrelevant statements about me, falsely accusing me of offenses that were really committed by Ora Hirsch Pescovitz.

120. **Count XX**: Intentional infliction of emotional distress: From July 26, 2010 – July 28, 2010, defendants Gregory Ballard, Mark Renner, Benjamin Srivastava, Jacqueline Reedy, Steven Crell, Ora Hirsch Pescovitz, Marion County Prosecutor's Office, St. Vincent Health, David G. Moscrip, and Sanjay Mishra, with specific intent to terrorize and humiliate me, had two armed IMPD thugs invade the sanctity of my home, bodily seize me, handcuff me outside in front of neighbors to create an appearance that I was being arrested for a criminal charge, place me in a police car, and take me to St. Vincent Stress Center, where they used threats of court action to hold me captive in a locked area against my will for two days. They also forced me to unnecessarily consume the dangerous controlled substance Abilify, which made me feel jittery and dramatically increased my blood pressure, and for which there are documented permanent harmful side effects, thereby placing me in fear of permanent physical harm to myself. Finally, they forcibly performed "laboratory tests," for which they have likely reported false results in order to purvey fraudulent defamatory "diagnoses." If all that were not enough, they are now trying to extort money from me to pay them for their crimes against me. The outrageous behavior goes far beyond all reasonable bounds tolerated by a decent society. I now cannot feel safe in my own home.

121. **Count XXI**. Corrupt business influence pursuant to Ind. Code § 35-45-6-2 and Ind. Code §§ 34-24-2-4 and 34-24-2-6: Defendants have, during the period 1994 up to the present, used money obtained from a pattern of racketeering activity against me and others to set up and maintain a stable racketeering enterprise that seeks to appease Ora Hirsch Pescovitz, who is useful in obtaining undeserved money and power for them, by acceding to her unreasonable demands that they use me as her slave and scapegoat. They have conducted the enterprise's affairs through a pattern of racketeering activity designed to deprive me (plaintiff) of my own money and other property, as well as my rightful inheritance, to divert the money to themselves, and to deprive me of my property interest in obtaining relief in court. Defendants transfer their ill-gotten gains among themselves in exchange for assistance with commission

of additional offenses. Predicate offenses that have injured me and threaten future injuries to me, include:

a. Forgery: On or about November 4, 1994, defendants Ora Hirsch Pescovitz and Steven Crell, in collaboration with David F. Hamilton, with intent to defraud, made a written instrument, a letter containing scary-sounding alleged diagnoses of me, which purported to have been authorized by a psychiatrist but was really drafted and signed by them.

b. Obstruction of justice (Ind. Code § 35-44-3-4 (a)(4)): During the period 1994 up to the present, defendants David F. Hamilton, Eric Holder, and Ora Hirsch Pescovitz made and presented to Monroe County courts false records material to the point of who committed the crimes alleging that I (plaintiff) had committed crimes when it was really Ora Hirsch Pescovitz who had committed crimes using my name, with intent that the false records appear in evidence to mislead public servants: judges, clerks, and prosecutors.

c. Intimidation: In September 2000 Defendants Deborah Bram, David F. Hamilton, Steven Crell, Charlene Pfenninger, and Ora Hirsch Pescovitz sent Deborah Bram's husband to Brebeuf Jesuit Preparatory School, where my son had just begun secondary school, thereby communicating intent to subject me to contempt and disgrace with his slanderous gossip about me, with intent to place me in fear of retaliation for the prior lawful act of sending my son to the school of our choice.

d. Theft: On or about December 12, 2002 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell exerted unauthorized control over my identification information and my financial assets with intent to deprive me of their use and value by demanding, in my name, withdrawal of $9,540.94 in assets from my financial account.

e. Theft: On or about June 13, 2003 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell exerted unauthorized control over my identification information and my financial assets with intent to deprive me of their use and value by demanding, in my name, withdrawal of $7,496.65 in assets from my financial account.



f. Theft: On or about June 19, 2003 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell exerted unauthorized control over my identification information and my financial assets with intent to deprive me of their use and value by demanding, in my name, withdrawal of $22,502.43 in assets from my financial account.

g. Theft: On or about July 9, 2003 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell exerted unauthorized control over my identification information and my financial assets with intent to deprive me of their use and value by demanding, in my name, withdrawal of $34,467.91 in assets from my financial account.

h. Theft: On or about July 15, 2003 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell exerted unauthorized control over my identification information and my financial assets with intent to deprive me of their use and value by demanding, in my name, withdrawal of $1,384.73 in assets from my financial account.

i. Theft: In approximately May-June, 2005 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell induced my financial advisor to refuse to pay out on a check that I had written, even though there were sufficient funds in the account to cover the amount of the check, thereby exerting unauthorized control over my property with intent to deprive me of its use and value and causing me to incur a $20.00 returned check fee.

j. Theft: On or about July 18, 2005 defendants Ora Hirsch Pescovitz, Gerald Bepko, and Steven Crell exerted unauthorized control over my identification information and my financial assets with intent to deprive me of their use and value by demanding, in my name, withdrawal of $5,341.55 in assets from my financial account.

k. Counterfeiting as part of criminal gang activity: During the period February 1999 up to the present, defendant Mark Renner, in collaboration with Ora Hirsch Pescovitz, Gerald Bepko, Steven Crell, Marion Superior Court judges, James Payne, and David F. Hamilton, has knowingly and intentionally possessed many written instruments that 1) purport to be briefs and motions drafted and signed

49

by me (plaintiff) but were really drafted by them and bear facsimiles of my signature; or 2) purport to have been orders drafted and approved by judges other than themselves, but were really drafted by them and bear facsimiles of the judges' signatures.

l. Perjury (Ind. Code § 35-44-2-1 (1)): In a deposition taken on August 27, 2001, defendant Charlene Pfenninger knowingly made a statement under oath that she did not know Ora Pescovitz, and then volunteered the testimony that she had seen her at the airport. Obviously, she would be unable to identify someone whom she did not know, and thus Charlene Pfenninger's testimony that she did not know Ora Pescovitz, material to the issues to be resolved in the case, was necessarily false.

m. Perjury (Ind. Code § 35-44-2-1 (1)): In a deposition taken on August 27, 2001, defendant Charlene Pfenninger knowingly made a statement, material to the issues to be resolved, under oath that another individual had committed intimidation against me at the Indianapolis Hebrew Congregation on April 13, 2001, when it was really she (Charlene Pfenninger) who committed intimidation against me.

n. Intimidation: Defendant Charlene Pfenninger's attorney sent me a document dated February 7, 2005 and which I received on or about February 8, 2005 characterizing himself as a debt collector, even though I owe no debts, thereby expressing an intent to unlawfully injure me, to place me in fear of retaliation for a prior lawful act, pursuing litigation for relief of injuries.

o. Attempted theft: On December 20, 2002 defendants Marion Superior Court, James Payne, Mark Renner, Steven Crell, Charlene Pfenninger, and Ora Hirsch Pescovitz, in an effort to exert unauthorized control over my financial assets with intent to deprive me of their use and value, unlawfully altered the chronological case summary of Marion Superior Court case number 49D06-0011-CP-001662 to include a false notation that the court had entered a judgment against me for $8,922.88.

p. Bribery: Defendant Steven Crell, in collaboration with Julian S. Herz, Isabel L. Herz, Ora Hirsch Pescovitz, and IU agents, paid money to an individual impersonating a judge during the period October 2003 through January 2004 to illegally "find" me in contempt of court in the case *Srivastava v. Harrington, et. al.*, Marion Superior Court case no. 49D06-0309-PL-001592 as a pretext to award de-

fendants some of my money, when the recipient of the bribe no longer had jurisdiction over the case, as he had resigned from the bench.

q. Forgery (Ind.Code § 35-43-5-2): On or about January 21, 2005, as part of the case *Srivastava v. Pescovitz*, Marion Superior Court case no. 49D02-0411-CT-002095, Steven Crell, Mark Renner, James Payne, and Ora Hirsch Pescovitz, with intent to defraud, employed a signature stamp bearing a facsimile of the signature of the judge hearing the case, to make a written instrument, a libelous alleged "order" purporting to have been authorized the judge hearing the case, but which was not authorized by him.

r. Theft: At an *ex parte* hearing conducted March 8, 2011 in Lake Superior Court case number 45D10-1102-PL-00009, defendants Sharon Murphy, Leslie Page, Steven Crell, James Payne, and Elizabeth Drake exerted unauthorized control over my identification information and my property interest in a fair hearing of my claims with intent to deprive me of their use and value by having Elizabeth Drake impersonate me in the hearing, to agree to dismissal of the case in my name.

s. Dealing in a controlled substance: During the period November 5, 2005 through December 21, 2005, defendants Retirement Living, Steven Crell, Ora Hirsch Pescovitz, Marian Herz, and Patricia Morrell collaborated to vastly overdose my mother with morphine, causing serious bodily injury, including physical and psychological addiction, aspiration pneumonia, mental confusion, reduced ability to talk, and loss of appetite and ability to eat, leading to potential starvation.

t. Battery as Class C felony: During the period November 5, 2005 through December 21, 2005, defendants Marian Herz, Retirement Living, Patricia Morrell, and Ora Hirsch Pescovitz collaborated to intentionally touch my mother in an angry manner, to seriously injure both of her feet so that she permanently lost use of her legs, to confine her to bed on her back so that she acquired extremely painful bedsores, to forcibly squirt into her mouth large doses of morphine dissolved in an irritant, leading to protracted impairment of the function of her mouth and throat and unconsciousness, and to place her in an intentionally uncomfortable bed that caused her extreme pain. Their mistreatment necessitated plac-

ing a feeding tube in her stomach and permanent placement of a catheter in her bladder. The intent was to permanently incapacitate my mother so that she would have to remain at Marquette Manor as a helpless vegetable requiring minimal services for maximum income for Retirement Living until she died, rather than being rehabilitated so that she could return home per her expressed wishes.

u. Theft: during the period November 11, 2005 through November 22, 2005, Peter Donahoe received payment for some alleged legal services, but did not provide any services.

v. Intimidation: On December 20, 2005 an employee of Retirement Living expressed an intent have security remove me from the premises, with intent to expose me to disgrace and to unlawfully injure me by preventing me from visiting with my mother and by unlawfully subjecting me to restraint, with intent to place me in fear of retaliation for the prior lawful act of complaining about my mother's abusive treatment at Marquette Manor, and with intent that I refrain from complaining about their battery of my mother.

w. Intimidation: Marian Herz, in collaboration with Retirement Living, Patricia Morrell, Jill Eshenbaugh, and Ora Hirsch Pescovitz telephoned me from her home in Washington State in the evening of December 20, 2005 to express an intent to obtain a restraining order against me, with intent to expose me to disgrace and to unlawfully injure me by preventing me from visiting with my mother and by unlawfully subjecting me to restraint, with intent to place me in fear of retaliation for the prior lawful act of complaining about my mother's abusive treatment by Retirement Living, and with intent that I refrain from complaining about the mistreatment of my mother, against my will.

x. Intimidation, attempted theft, burglary: On May 28, 2006, Marian Herz came to my house and walked inside uninvited, thereby communicating an intention to harm me, with intent that I give her my mother's purse, which my mother had specifically entrusted to me for safekeeping, against my will. When I refused to give her my mother's purse, she attempted to take my purse, but dropped it when I called 911. Two sheriff's deputies subsequently came to my home. Subsequently, Marian Herz forcibly

entered my home without my permission, with intent to exert unauthorized control over my mother's purse with intent to deprive my mother of its use and value, without my permission.

y. Theft: Via alleged estate documents dated February 21, 2006, Marian Herz, Benjamin Srivastava, Donahoe Irvin attorney Peter Donahoe, Marion Superior Court judges, Julian S. Herz, Isabel L. Herz, Steven Crell, Ora Hirsch Pescovitz, and Patricia Morrell have exerted unauthorized control over my inheritance with intent to deprive me of its use and value.

z. Obstruction of justice: During the period February 2006 through September 2006, Retirement Living intentionally altered and removed documents and other evidence of their maltreatment of my mother in an official investigation by the Indiana State Department of Health, with intent to prevent them from being used as evidence.

aa. Intimidation: During the period February 2006 through June 2006 defendants Marian Herz, Jewish Federation, Donahoe Irvin attorney Peter Donahoe, Marion Superior Court judges, Steven Crell, Ora Hirsch Pescovitz, and Patricia Morrell, communicated an intention to unlawfully injure me, with intent that I refrain from visiting my mother at Hooverwood Nursing Home, against my will.

bb. Dealing in a controlled substance: During the period January 2006 through June 2006, defendants Marian Herz, Patricia Morrell, Ora Hirsch Pescovitz, Jewish Federation, and Steven Crell continued to instigate the overdose of my mother with narcotic painkillers, to ensure that she remained addicted.

cc. Theft: In approximately September 2008-October 2008, Jill Eshenbaugh, in collaboration with Marian Herz exercised unauthorized control over a large portion of my parents' assets, with intent to deprive me of their use and value.

dd. Identity deception as part of criminal gang activity: On or about November 10, 2009 defendant David Kennedy collaborated with Michael Sontag, Marian Herz, Patricia Morrell, R. Horton Frank III, Steven Crell, and Ora Hirsch Pescovitz to conduct an *ex parte* hearing in Davidson County,

Tennessee case number 09P-1680, in which Ora Hirsch Pescovitz impersonated me (plaintiff), a resident of Indiana, using my identifying information, to injure me by preventing my interacting with my father.

ee. Theft: In April 2010, Patricia Morrell, Marian Herz, Donahoe Irvin, and Michael Sontag exerted unauthorized control over tens of thousands of dollars of my parents' assets, held in an account in Indiana, with intent to deprive me of their use and value.

ff. Theft: In approximately April 2010, Benjamin Srivastava, in collaboration with Ora Hirsch Pescovitz, Marian Herz, Steven Crell, Timothy Morrison, and David F. Hamilton, exerted unauthorized control over at least 20% of my inheritance, with intent to deprive me of its use and value.

gg. Intimidation: On December 31, 2008 defendant Jill Eshenbaugh flew from Washington State to approach me as I was walking in my neighborhood, thereby communicating a threat that she would harm me by stealing my identity and my money, with intent that I be placed in fear for a prior lawful act, living and walking in my neighborhood.

hh. Theft: Defendant Aaron-Ruben-Nelson Mortuary had collected money from my parents for prepaid funeral and burial, yet paid out money in November 2007 and December 2009 only for the less expensive cremation, thereby exerting unauthorized control over part of my inheritance with intent to deprive me of its use and value.

ii. Intimidation: In approximately September 2007 Lesley Fields and Leslie Page collaborated to have Leslie Page telephone Lesley Fields to threaten Lesley Field's young son in my (plaintiff's) name, and then to spread a false accusation that I had threatened Their intention was to subject me to hatred and disgrace, with intent that I move out of the neighborhood, against my will.

jj. Official misconduct: In response to campaign contributions from developers, the administration of Stephen Goldsmith allowed developers to overbuild Pike Township in the 1990's with cheap, high density housing that did not comply with the 1990 comprehensive plan and that was strongly opposed by the Pike Township Residents' Association. The inappropriate development has depressed property values and salability of homes in College Park.

kk. Theft: The administration of Stephen Goldsmith allowed developers to overbuild Pike Township in the 1990's with cheap, high density housing that did not comply with the 1990 comprehensive plan and that was strongly opposed by the Pike Township Residents' Association. In this way, Stephen Goldsmith exerted unauthorized control over homeowners' property interest, conferred by the 1990 Comprehensive Plan, in orderly and less harmful development of Pike Township, with intent to deprive us of it use and value.

ll. Official misconduct: During the period January 18, 2011 up to the present, defendants Jewish Federation and Gregory Ballard, in collaboration with Stephen Goldsmith, Steven Crell, and Ora Hirsch Pescovitz, are seeking to sell parcel # 6027008 for unwanted development, to appease the jealousy of psychopath Ora Hirsch Pescovitz, so that she will help Ballard win another term through vote fraud and voter intimidation, something they are prohibited by law from doing.

mm. Attempted theft: On or about April 14, 2011, in collaboration with Steven Crell, Ora Hirsch Pescovitz, and David F. Hamilton, Lesley Fields tried to exert unauthorized control over more than $70,000.00 in my financial account, with intent to deprive me of its use and value.

nn. Intimidation: On April 24, 2011, defendant Elizabeth Drake passed me twice with a menacing expression on her face while I was taking my daily walk around the neighborhood, thereby communicating an intention to unlawfully injure me, with intent that I refrain from taking my walk against my will.

122. **Count XXII.** Defamation: From July 26, 2010 up to the present, defendants David G. Moscrip and Sanjay Mishra, in collaboration with Benjamin Srivastava, Gregory Ballard, Jacqueline Reedy, Lesley Fields, Steven Crell, and Ora Hirsch Pescovitz, have spread throughout the Internet to Chicago and elsewhere false, slanderous and libelous allegations that I (plaintiff) am mentally ill.

123. **Count XXIII:** Identity fraud, Ohio Revised Code § 2913.49 (C): During the period 2002 up to the present, defendants Deborah Gedling and Deborah Bram, have used my (plaintiff's) personal

identifying information with intent to aid Ora Hirsch Pescovitz and other identity thieves to falsely hold themselves to be Carolyn Srivastava.

124. **Count XXIV**:  Obstruction of official business, Ohio Revised Code § 2921.31: On or about February 24, 2011, defendant Deborah Gedling refused service of process from the Lake County, Indiana clerk in the case *Srivastava v. Payne, et al.*, thereby hindering judges in the performance of their duties to hear the case.

125. **Count XXV.** Invasion of privacy by appropriation of my name: Defendant Ora Hirsch Pescovitz, supported by the other defendants, has perpetrated a years-long practice of committing crimes and perpetrating other misconduct, giving my (plaintiff's) name as the alleged perpetrator. She has also appropriated my name to steal money from me, invade the seclusion of my home, and interfere in my family, business and social interactions. Ora Hirsch Pescovitz has no respect for others' privacy.

126. **Count XXVI**: The Indianapolis-Marion County "Front Porch Alliance" started by defendant Stephen Goldsmith, which gives taxpayer money to religious organizations to perform services that government could easily perform more inexpensively and efficiently violates Article I, Sections 4 and 6 of the *Constitution of the State of Indiana*. After a hiatus during the Peterson Administration, it has recently been revived.

127. **Count XXVII.**  Violation of Article III of the *Constitution of the United States*: Judges' and prosecutors' claims that they are immune from suit under a theory of "judicial and prosecutorial immunity" violates the provision that the judicial power of the United States shall extend to **all** cases arising under the Constitution and Laws of the United States. Suits against judges and prosecutors are not excluded. The notion of judicial and prosecutorial immunity may also violate the Privileges and Immunities Clause of Article IV. Finally, so-called "judicial immunity" was affirmatively rejected in the Federal Courts Improvement Act of 1996, Public Law 104-317. The removal statute 28 U.S.C. § 1442, and 28 U.S.C. § 463, specifically contemplate that federal judges may be sued. Additionally, Ind. Code Chapters 33-23-13, 33-38-12, and 33-39-9 specifically contemplate suits against judges and prosecutors.

## IV. PRAYER FOR RELIEF

128. Based on the foregoing, plaintiff respectfully prays that this Court order the following relief:

129. Order all government defendants to immediately stop allowing Ora Hirsch Pescovitz and other identity thieves to use my name for unlawful purposes, and order all defendants to stop trying to "prove" that I, plaintiff Carolyn Herz Srivastava, am mentally ill. My health, mental or otherwise, is none of their business.

130. Order defendant James Holderman to immediately resign from the bench and order him to stop beating up on me (plaintiff). I never did anything to him. I would file a complaint of misconduct against him, but, based on previous experience, I know that defendant Frank Easterbrook will simply use it as an excuse for a personal attack against me.

131. Order **all** government defendants to refrain from making any criminal accusations against me, plaintiff Carolyn Srivastava, whatsoever, to refrain from subjecting me to kidnapping and criminal confinement under the pretext of "law enforcement," and to refrain from filing any criminal charges against me whatsoever, because I have not and will not commit a crime.

132. Declaratory relief that James Holderman and Frank Easterbrook run scams to defraud *pro se*, non-attorney litigants out of our money.

133. Order defendant James Holderman to remove the dismissal of case number 1:11-cv-2116 from court records, and to remove case number 1:11-cv-2489 in its entirety from court records, to erase all records of criminal charges against any alleged defendant named Carolyn Srivastava or any substantially similar name, and to refrain from any further involvement in Northern District of Illinois case number 1:11-cv-2116.

134. Declaratory relief that the U.S. District Court for the Northern District of Illinois should issue two copies of summons for each defendant to be served with process, and place the court's seal on both copies.

135. Order defendant LaSalle Process to serve the two defendants for which I purchased service of process with the copy of the summons bearing the court's seal, which I will send to them, at no extra charge to me, within twenty (20) days of receipt of the summons, and send me revised returns of service. Additionally, order LaSalle Process to ensure that the copies of complaint served are those that I provided to them and not forgeries.

136. Order Ora Hirsch Pescovitz to immediately stop making decisions for me, plaintiff Carolyn Srivastava. She has no authority whatsoever to make decisions on my behalf.

137. Order defendants Ora Hirsch Pescovitz, Lesley Fields, Elizabeth Drake, Leslie Page, Sharon Murphy, and Steven Crell to refrain from abusing me, harassing me, and disturbing my (plaintiff's) peace, order them to stay away from my property, and order them to refrain from all direct and indirect contact with me, other than through an attorney of record as part of an official proceeding.

138. Immediately enjoin defendant Steven Crell from dissipating assets in his possession, other than as essential for living expenses.

139. Order defendants Steven Crell, Gerald Bepko, and Ora Hirsch Pescovitz to pay me $242,262.63, which is treble the $80,754.21 that they took from my financial account, plus interest.

140. Order all defendant judges, courts, and clerks, to correct all court records, including correction of any such records that exist in Marion and Monroe County courts, of Ora Hirsch Pescovitz's offenses and those of any other identity thieves committed in the name Carolyn Srivastava, Carolyn H. Srivastava, Carol Srivastava, or any other substantially similar name, to reflect commission by the real perpetrator, and make the records available to the public as required by law.

141. Order defendants to turn over to me (plaintiff Carolyn Srivastava) all documents, both paper and electronic, purporting to have been drafted and/or signed by me that have been submitted to Marion and Monroe county courts, U.S. District courts for the Northern District of Indiana, Southern District of Indiana, Northern District of Illinois, and any county, state, or federal court located within the State of Tennessee, including but not limited to documents submitted to clerks and judges.

142. Order defendants Marian Herz, Michael Castellarin, David Kennedy, Donald Harris, and Michael Sontag to refrain from dissipating any assets contained in Herz Estate for any purpose whatsoever except for payment of required local, state or federal taxes, until my claims are fully and fairly litigated.

143. Declaratory relief that the February 2006 estate documents purporting to be authorized by my parents Julian Herz and Isabel Herz were drafted by defendants, most of whom were never intended as beneficiaries, to serve their own interests and not my parents' intentions, that the documents violate substantive and procedural Indiana trust law, that the documents are invalid, that my parents' 1995 trusts should be adopted as the true expression of their wishes, and that I (plaintiff0 am entitled to receive at least ½ of the assets in Herz Estate after expenses, unencumbered by any trust.

144. That Blakeford, Brookdale, R. Horton Frank III, and Marian Herz inform me in detail and under oath as to what happened to my father during the period November 13, 2009 up to the present.

145. That Blakeford refund treble the amount of all payments collected from Julian Herz for any time that he may have spent in the Blakeford Memory Care Center, including but not limited to payments for accommodations, meals, provider medical services, supplies, and pharmaceuticals administered.

146. That Retirement Living refund treble the amount of all payments collected from Isabel Herz for the time that she spent there, including but not limited to payments for accommodations, meals, provider medical services, supplies, and pharmaceuticals administered.

147. Order Patricia Morrell and Jill Eshenbaugh to pay back treble the amount of all assets they received from the estate of Julian Herz and Isabel Herz, whether received directly or for payment of any of their legal expenses, and order Patricia Morrell to return all of my parents' personal property that she took.

148. Order Benjamin Srivastava to pay back treble the amount that he took from the Herz Estate.

149. Order Peter Donahoe and Michael Sontag to pay back treble the amount of so-called attor-

neys fees that they took from my parents' assets to handle any matter relating to my family.

150. Order defendants David F. Hamilton, Marion Superior court judges, Timothy Morrison, and Ora Hirsch Pescovitz to pay me treble the amount of my costs for postage and copying, for service of documents on opposing parties in all of my cases in U.S. district courts from 2002 up to the present.

151. Order Benjamin Srivastava to pay me back treble the amount that he took from my inheritance.

152. Order Jewish Federation to refrain from selling Marion County parcel # 6027008.

153. Enjoin St. Vincent, David G. Moscrip, and Sanjay Mishra from attempting to collect any money or other property from me (plaintiff) for any items or services alleged to have been provided during the period July 26, 2010 through July 28, 2010.

154. Order St. Vincent Health, David G. Moscrip, and Sanjay Mishra to destroy all medical records pertaining to me, plaintiff Carolyn Srivastava, that relate to my interactions with them during the period July 26, 2010 through July 28, 2010.

155. Order the Herz Estate to pay me punitive damages for the serious harm my parents did to me (plaintiff) by falsely identifying Ora Hirsch Pescovitz as Carolyn Srivastava and other injurious actions.

156. Order William Haynes to reimburse me for the filing fees and costs incurred in serving defendants with process in U.S. District Court for the Middle District of Tennessee case nos. 3:10-cv-00082 and 3:10-cv-00853.

157. That the Court award me treble damages as allowed by 18 U.S.C. § 1964 (c) and Ind. Code § 34-24-2-6 (b) for losses due to racketeering offenses.

158. That the Court award punitive damages to me.

159. That the Court award costs of this litigation to me (plaintiff).

160. Order such additional relief as the Court may deem just and proper.

## V. AFFIRMATION OF PLAINTIFF

I, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in this complaint and that I believe them to be, to the best of my personal knowledge, true and correct.

Signed this 26th day of April, 2011.

Carolyn Srivastava

Carolyn Srivastava
3105 Lehigh Court
Indianapolis, IN 46268
(317) 876-0421
chsattysci@gmail.com

**EXHIBIT 1**







Carolyn Herz Srivastava
February 2011